**UNITED STATES of America**

**v.**

**Christopher WEATHERS, alias Chris, Appellant.**

**No. 17891.**

United States Court of Appeals, Third Circuit.

Argued Sept. 24, 1970.

Decided Oct. 6, 1970.

Herbert G. Labbie, Pittsburgh, Pa., for appellant.

Douglas D. McBroom, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, FREEDMAN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

The principal issue raised by this appeal is whether the District Court erred in denying defense counsel's motions for a continuance because he required more time to prepare the defense and because of a possible contamination of the jury. It is also contended that the provisions of 26 U.S.C.A. § 4704(a)[1] and § 4705(a)[2] abridge the privilege under the Fifth Amendment against self-incrimination of persons prosecuted under those sections.

Appellant Weathers was indicted on April 17, 1968 in the District Court for the Western District of Pennsylvania for violating on two occasions in December, 1967 the provisions of 26 U.S.C.A. §§ 4704(a) and 4705(a) by selling heroin not in or from the original stamped package nor pursuant to a written order. On April 25, A. Morris Ginsberg, Esquire, moved on Weathers' behalf that bail be set, and the District Court granted the motion. No other legal assistance to Weathers by Mr. Ginsberg is revealed by the record.[3] On May 15, Weathers retained Alan Frank, Esquire, who entered his appearance on May 16, to represent Weathers at trial. When Frank accepted this assignment he was already committed to try four[4] other cases over the next three weeks. When the trial list was called the next day, May 17, Frank was advised that Weathers' trial was scheduled for early June. Because identification of Weathers would be the main issue at trial, Frank knew he would have to locate and interview witnesses who could testify to Weathers' appearance and activities at the times in question. When the trial was called before Judge Dumbauld on June 4, Frank moved for a continuance, stating that because of his other trial obligations and two days of illness he had been unable to prepare a proper defense. Judge Dumbauld denied the motion without comment.

Counsel then moved for a continuance to allow selection of a new jury from a different panel because the present jurors had been drawn from the same panel from which was drawn the jury that had heard the opening statement by the United States Attorney in a previous case. That case had involved the same defense counsel in the same court room before the same judge, and had presented an almost identical fact situation involving an alleged sale of heroin. The defendant in that case had changed his plea to guilty after the opening by the United States Attorney. Weathers' counsel, however, did not offer to show that any of the jurors who had been selected for Weathers' trial had, in fact, sat in the previous case. The motion regarding the jury was also denied. After presentation of the evidence, the jury returned a verdict of not guilty as to two counts involving one of the sales, and guilty as to two counts pertaining to the other sale.

1. 26 U.S.C.A. § 4704(a): "General requirement.—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

2. U.S.C.A. § 4705(a): "General requirement.—It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

3. Attorney Frank made reference at the trial to a possible third attorney, Morris Greenberg. The record is unclear whether Weathers contacted both Mr. Greenberg and Mr. Ginsberg in seeking legal assistance.

4. In counsel's "Motion for Continuance" he referred to "four" other cases; at Weathers' trial, he spoke of having tried "five" cases since May 16. The fifth case may have been that of Weathers, himself.

■ Whether the denial by the trial judge of a motion for a continuance is so arbitrary as to violate due process has been said by the Supreme Court to depend on the facts in each case:

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 (1964).

■■ While the reasons presented to the trial judge at the time of the motion for continuance for additional preparation appear to have some merit,[5] we are unable to say Judge Dumbauld abused his discretion. Our judgment, however, is made more difficult by the fact that the trial court gave no reasons for its denial. Such practice should not be followed in future cases. We are influenced here because counsel had been retained almost three weeks before trial, did not specify in what ways he had "been unable to prepare the defense as he had anticipated," nor what he might have done in preparation if given more time.[6] See Blackwell v. United States, 405 F.2d 625 (5th Cir. 1969); cf. United States v. Ploeger, 428 F.2d 1204 (6th Cir. 1970).

■ Weathers cites Chief Judge Murrah's opinion in Casias v. United States, 315 F.2d 614 (10th Cir. 1963) in support of his argument that a continuance should have been granted because of possible jury contamination. In that case "one [of the twelve jurors] had served 3 times in similar cases, 4 had served twice, and 6 had served once," and "[a]ll the jurors except one had heard the testimony of 2 or more of the government witnesses in similar cases and 10 had previously deliberated with one or more of the others in similar cases." Nonetheless, the judgment was affirmed by an equally divided court. We cannot accept Weathers' invitation to speculate as to *possible* jury contamination where no showing has been made that any juror sat on both trials, that any jurors discussed the prior trial with other jurors who sat on it, or indeed that jurors in the second trial were in any way exposed to the evidence in the first trial.

■ We regard Weathers' Fifth Amendment attack on 26 U.S.C.A. § 4705(a) as foreclosed by Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969), where the Supreme Court found a similar challenge insubstantial, saying:

"When dealing with buyers in this class [i. e. buyers who have either failed to register or cannot register because their dealings in the drug are illicit], the seller [e. g. Weathers] faces no risk of incrimination by reason of § 4705(a) since there will be and can be no order form involved. Confronted with would-be buyers in this class, 'full and literal compliance' with § 4705(a) leaves the seller only one alternative: not to sell. Since from this record it is clear that [appellant's] customer was not a registered buyer, the alleged possibility of incrimination is purely hypothetical." 396 U.S. at 97, 90 S.Ct. at 289.

---

5. For a more detailed analysis of the factors to be considered in each case, see United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3rd Cir. 1969).

6. Weathers' appellate counsel has suggested several matters trial counsel might have investigated, but none of these were presented to Judge Dumbauld.

Similar reasoning, which we find persuasive, has been applied to 26 U.S.C.A. § 4704(a) to uphold its constitutionality. See United States v. Mosby, 422 F.2d 72 (8th Cir. 1970); *see also* Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

Accordingly, the judgment of the District Court will be affirmed.