UNITED STATES of America, Appellee,

v.

Vernon Earl WALDEN, Appellant.

No. 77–2066.

United States Court of Appeals,
Third Circuit.

Argued May 2, 1978.

Decided Jan. 9, 1979.

---

4. *See, Ex parte Lange,* 85 U.S. (Wall.) 163, 21 L.Ed. 872 (1873).

Thomas Colas Carroll, Carroll, Creamer, Carroll & Duffy, Philadelphia, Pa., for appellant.

Robert N. deLuca, Walter S. Batty, Jr., Edward S. G. Dennis, Jr., Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before HUNTER and WEIS, Circuit Judges, and COHEN,* District Judge.

## OPINION OF THE COURT

### PER CURIAM:

Vernon Earl Walden was convicted of violating 21 U.S.C. §§ 841 and 846 (1976) by conspiring to distribute heroin and to possess heroin with the intent to distribute. On appeal, this court remanded to the district court for two purposes. First, the court was requested to supplement the record with a statement of reasons why it refused to grant the defendant a trial continuance. Second, the court was asked to examine the handwritten notes and draft reports prepared by a Drug Enforcement Administration agent to determine whether they constituted "statements" which the government must provide to the defendant under the Jencks Act, 18 U.S.C. § 3500 (1976). See United States v. Walden, 578 F.2d 966 (3d Cir. 1978).

The district court made the requisite findings and has returned the record to us.

We have reviewed the district court's memorandum setting forth its findings and the defendant's Supplemental Brief Following Remand. The district court's decision denying a continuance will only be reversed on a showing of abuse of discretion. United States v. Addonizio, 451 F.2d 49, 61 (3d Cir.), cert. denied, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972). On the record before us, we cannot say that the court abused its discretion in denying the motion. United States v. Weathers, 431 F.2d 1258, 1260 (3d Cir. 1970); United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3d Cir. 1969), cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970).

On the issue of whether the DEA agent's notes and handwritten reports were "statements" under the Jencks Act, the district court on remand found first, that no prereport notes ever existed, and second, that the handwritten reports had been destroyed. The court determined that the handwritten reports were "statements" which should have been provided to the defendant. However, the district court held that the error was harmless because the defendant was provided with typewritten copies of the handwritten reports. Credible witnesses testified that the typewritten copies were identical in content to the handwritten reports except for minor spelling and grammatical changes. See, e. g., United States v. Meisch, 370 F.2d 768, 772 (3d Cir. 1966). We agree with the district court that the failure to provide the material to the defendant did not violate the substantial rights of the defendant. United States v. Judon, 567 F.2d 1289, 1294–95 (5th Cir. 1978); United States v. Johnson, 521 F.2d 1318, 1320 (9th Cir. 1975).

The decision of the district court will be affirmed.

---

* Honorable Mitchell H. Cohen, Senior United States District Judge for the District of New Jersey, sitting by designation.