**Carl A. PAULLET, Appellant,**

v.

**James F. HOWARD, Supt., State Correctional Inst., Pgh., Appellee.**

**No. 80–1261.**

United States Court of Appeals, Third Circuit.

Argued Sept. 18, 1980.

Decided Nov. 7, 1980.

Homer W. King, Pittsburgh, Pa. (argued), for appellant.

Robert E. Colville, Dist. Atty., Kathryn L. Simpson, Asst. Dist. Atty., Pittsburgh, Pa. (argued), for appellee.

Before ADAMS, HUNTER and HIGGIN-BOTHAM, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Western District of Pennsylvania denying appellant's Petition for Writ of Habeas Corpus.

Appellant, Carl A. Paullet, was tried before a jury in the Court of Common Pleas of Allegheny County, Criminal Division, and found guilty of simple assault, indecent assault, and rape.

The testimony presented at trial consisted essentially of conflicting stories by appellant and the prosecuting witness. Medical and scientific tests revealed no evidence of rape.

Appellant challenges his conviction on five grounds: 1) that there was insufficient evidence to justify a finding of guilt beyond a reasonable doubt; 2) that he was denied due process of law because he was not represented at trial by counsel of his choice;

3) that inflammatory opening remarks by the prosecutor denied him due process; 4) that the trial court's refusal to allow his attorney to comment upon the Commonwealth's failure to produce medical evidence of the rape was a denial of due process; and, 5) that the review of his conviction by a three judge panel of the Superior Court of Pennsylvania, which included a retired Court of Common Pleas judge, was a denial of due process.

■■  In reviewing the sufficiency of evidence underlying a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Governed by this standard of review, we conclude that a rational trier of fact could have found appellant guilty of simple assault, indecent assault, and rape. Our review of the record leads us to the same conclusion as that reached by the United States Magistrate:

> It is clear that the resolution of this case depended upon the jury's findings on credibility. The prosecutrix's testimony, if believed by the jury, clearly established all the elements of the offenses . . . . [I]nconsistencies in the prosecutrix's testimony . . . and the lack of scientific evidence were merely factors for the jury to consider in resolving the credibility of the witnesses. Clearly, viewing the evidence in the light most favorable to the prosecution, the jury could find beyond a reasonable doubt the essential elements of the three offenses.

Appendix for Appellant at 461a–462a.[1]

Appellant next asserts that he was unreasonably denied counsel of his choice when the trial court refused to grant a continuance which would have enabled appellant's retained counsel rather than his associate to conduct the trial.

---

1. The District Court adopted the Magistrate's Report as its opinion. Appendix for Appellant at 466a.

■ A trial court's decision to deny a continuance will only be reversed on a showing of abuse of discretion. *United States v. Walden*, 590 F.2d 85, 86 (3d Cir.), *cert. denied*, 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979); *United States v. Addonizio*, 451 F.2d 49, 61 (3d Cir.), *cert. denied*, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972); *United States v. Weathers*, 431 F.2d 1258, 1260 (3d Cir. 1970); *United States v. Myers*, 327 F.2d 174, 181 (3d Cir.), *cert. denied*, 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52 (1964). An application for a continuance is addressed to the sound discretion of the trial judge even when a denial has the effect of depriving a defendant of counsel of his choice. *United States ex rel. Carey v. Rundle*, 409 F.2d 1210, 1216 (3d Cir. 1969), *cert. denied*, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970).

■ Reviewing the record before us, we cannot say that the denial of appellant's motion for a continuance constituted an abuse of discretion by the trial court, nor a denial of due process. As this court noted in *Carey*, although it is "desirable" that a criminal defendant "obtain private counsel of his own choice, that goal must be weighed and balanced against an equally desirable public need for the efficient and effective administration of criminal justice." 409 F.2d at 1214. Prior to denying appellant's motion, the trial court had already granted several continuances, and appellant's counsel of choice had given his assurance that if he could not appear on the date of the trial another attorney would try the case. Appendix for Appellant at 8a–9a. Although the associate who tried the case claimed to be unskilled and unprepared, he had in fact attended, if not formally participated in, appellant's first trial.[2] Accordingly, the trial judge's decision to proceed to trial was not an abuse of discretion.

Appellant's final three claims, grounded in language of due process, concern the prosecutor's opening remarks; the trial court's refusal to allow comment upon Commonwealth's failure to present medical evidence; and the composition of the Superior Court panel. However, because we find that appellant has failed to exhaust available state judicial remedies, we do not reach the substance of these claims. 28 U.S.C. § 2254(b) and (c) (1976).

In *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), the Supreme Court held that state court remedies have not been exhausted unless the federal claim has been "fairly presented" to the state courts. *Id.* at 275, 92 S.Ct. at 512. It "is not sufficient merely that the federal habeas applicant has been through the state courts . . . [o]nly if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 275–76, 92 S.Ct. at 512. Thus the state prisoner must "present the state courts with the *same* claim he urges upon the federal courts." *Id.* at 276, 92 S.Ct. at 512 (citations omitted) (emphasis added).

■ In order to meet this standard, the claim brought before the federal court must be "the substantial equivalent" of a claim already presented to the state court; the "substance of" the claim raised in the state court must first have been submitted to the state court. *Id.* at 278. *See Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir. 1976).

■ The Pennsylvania courts were never given the opportunity to consider the constitutional claims now raised in this court. Appellant's argument with respect to the prosecutor's opening remarks was presented to the Superior Court of Pennsylvania as reversible trial error, not as a constitutional violation. *See* Appendix for Appellant at 355a–356a. *Cf. Picard v. Connor*, 404 U.S. at 276–78, 92 S.Ct. at 512–513 (equal protection claim had not been exhausted in state courts despite attack on validity of indictment procedure involving same factual basis). Similarly, appellant never argued to

---

2. Appellant's first trial was set aside on the ground that he had been inadequately informed

of his right to trial by jury.

the state courts that the trial court's refusal to allow comment on the Commonwealth's failure to introduce scientific or medical evidence constituted constitutional error. *See* Appendix for Appellant at 357a. Finally, appellant has not yet raised the question of the constitutionality of the three–judge Superior Court panel to any Pennsylvania court. *See* Appendix for Appellant at 392a.

The judgment of the district court will accordingly be affirmed, without prejudice to appellant to pursue in the Pennsylvania courts, and then in the district courts if necessary, his due process claims relating to the prosecutor's opening remarks, the trial court's refusal to allow counsel to comment upon the Commonwealth's failure to present medical evidence, and the composition of the Superior Court panel.[3]

---

3. We do not pass on whether appellant's claims concerning the medical evidence and the composition of the Superior Court panel are constitutional questions cognizable in a habeas petition, leaving this determination for the district court in the event that these points are exhausted in state tribunals.