UNITED STATES of America

v.

Yu KIKUMURA, Appellant.

No. 91–5197.

United States Court of Appeals,
Third Circuit.

Argued Aug. 13, 1991.

Decided Oct. 15, 1991.

Edna B. Axelrod, Eric L. Muller (argued), Office of the U.S. Atty., Newark, N.J., for the U.S.

Michael E. Deutsch (argued), Chicago, Ill., for Kikumura.

Before COWEN and NYGAARD, Circuit Judges and POLLAK, District Judge *.

## OPINION OF THE COURT

COWEN, Circuit Judge.

The principal question presented by this appeal is whether the failure of the district court to grant defendant Yu Kikumura a continuance until the attorney of his choice could be present at his resentencing proceeding constituted a denial of his right to counsel in violation of the Sixth Amendment of the U.S. Constitution. In addition, Kikumura argues that the district court violated his due process rights by taking into consideration his intent to kill in the absence of a conviction for attempted murder when it resentenced him for his conviction under 18 U.S.C. § 844(d) (1988). He also argues that the district court should have required proof beyond a reasonable doubt of all material facts at the original sentencing and erred in failing to apply the Confrontation Clause standard of admissibility to an affidavit containing hearsay which was introduced at the sentencing proceeding. We find all of the defendant's claims to be without merit and we will affirm.

I.

A. *The Original District Court Proceedings*

On November 28, 1988, after a bench trial on stipulated facts, Kikumura was

___

* Hon. Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**74**

convicted of numerous counts of interstate transportation of explosive devices and passport offenses, including a charge that he violated 18 U.S.C. § 844(d) which prohibits the transportation of any explosive in interstate commerce "with the knowledge or intent that it will be used to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or real or personal property." At the bench trial, Kikumura stipulated that he transported the explosives with the knowledge and intent that they be used to damage or destroy property. However, he refused to stipulate to that part of the statutory language providing that he transported explosives with the knowledge and intent that they be used to "kill, injure, and intimidate one or more individuals."

At the time of the stipulation, the prosecution made it clear that the stipulation's purpose was limited to the trial and would not prevent the government from seeking to prove intent to cause death, injury or intimidation at sentencing. When the court asked Kikumura directly if he understood that the stipulation limitation would not apply at sentencing, he stated that that was his understanding.

When Kikumura appeared before the district court for sentencing on February 7, 1989, the government offered expert testimony as to the nature of the bombs found in Kikumura's automobile at the time of his arrest. The expert opined that, if detonated, the devices found would have injured or killed people and could, in fact, have caused mass casualties. Kikumura did not object to the introduction of this testimony.

He did, however, argue that the government should be required to prove the relevant facts at sentencing by clear and convincing evidence rather than by the mere preponderance standard which is usually required at a criminal sentencing. He also argued that a confidential informant's affidavit, submitted by the government, should not be admitted because it contained hearsay. The trial court rejected both of these arguments but found that the government's proof did, in fact, satisfy the clear

and convincing evidence standard and that the hearsay statements in the affidavit were sufficiently reliable to merit admission.

At sentencing the district court found that Kikumura intended to cause multiple deaths and injuries and imposed an unstructured upward departure from the applicable sentencing guideline range of between twenty-seven and thirty-three months to an aggregate sentence of thirty years imprisonment.

### B. *Kikumura's First Appeal*

In his first appeal to this court, Kikumura raised three separate arguments. First, he challenged the district court's finding that his bombs were intended to kill people as being clearly erroneous. Second, he argued that the district court was barred by the sentencing guidelines from an upward departure in his case because the guidelines already took into consideration all aspects of his criminal activity. Third, he argued that even if departure was permissible under the guidelines, the extent of the departure taken was unreasonable.

We rejected Kikumura's first two arguments in *United States v. Kikumura*, 918 F.2d 1084 (3d Cir.1990) (*"Kikumura I"*). However, while we upheld the trial court's finding that Kikumura intended to kill people, we found that Kikumura was entitled to greater protection than that afforded by the preponderance of the evidence standard usually applied at sentencing proceedings. We held that a district court contemplating a substantial upward departure must require proof of the facts by clear and convincing evidence, noting that Kikumura had requested no higher standard of proof than clear and convincing evidence. *Id.* at 1101. We also found that when a district court makes a substantial upward departure from the applicable guideline range, hearsay statements cannot be admitted at sentencing unless the other evidence adduced indicates that the hearsay statements are "reasonably trustworthy." *Id.* at 1103. We rejected Kikumura's argument that the district court must engage in

full-blown Confrontation Clause [1] analysis when presented with hearsay at sentencing. *Id.* at 1102. We did, however, accept Kikumura's third argument that the extent of the district court's departure was unreasonable. We determined that the unstructured upward departure was contrary to the spirit of the Sentencing Reform Act, *Id.* at 1110–11, and concluded that the applicable guideline range in Kikumura's case was 210 to 262 months. *Id.* at 1119. As a result, we vacated the sentence of the district court and remanded the case with instructions that the district court resentence Kikumura consistent with our opinion. *Id.*

## C. *Resentencing Proceeding After Remand*

On March 1, 1991, Kikumura appeared before the district court for resentencing. His court-appointed counsel requested an adjournment, stating that Kikumura had been in contact with a private attorney and wanted that attorney to appear on his behalf at the resentencing proceeding.[2] The district court denied the motion for a continuance, noting that Kikumura had known for four months that he was to be resentenced and would need an attorney, and pointing out that he had already been granted two continuances for the resentencing. The court rejected Kikumura's argument that his failure to appear with his new attorney was the result of being held in a maximum security prison, opining that Kikumura had "more than ample time to obtain counsel." [3] App. at 6.

When the district court asked the parties if there were any issues that needed to be resolved prior to imposing a new sentence consistent with our opinion in *Kikumura I,* Kikumura's counsel raised the argument

that a conviction under 18 U.S.C. § 844(d) "was too slender a reed on which to support consideration at sentencing of the specific intent to commit murder." [4] App. at 9 (quoting *Kikumura I,* 918 F.2d at 1101). The district court found that Kikumura had waived this claim by agreeing to submit to a trial on stipulated facts with the knowledge that the government would be free to prove additional facts as to specific intent to murder at sentencing. The court also rejected a request by the government that it consider grounds for an upward departure other than those set forth in *Kikumura I.*

Finding that no new issues were before it requiring further consideration, the district court imposed a sentence of 262 months, a three-year term of supervised release, and a special assessment of $600. The court noted that the new sentence was based on the factual and legal reasons set forth in our opinion in *Kikumura I,* as well as on its own factual findings. Kikumura thereafter filed this appeal. Subject matter jurisdiction over this matter was properly invoked by the district court pursuant to 18 U.S.C. § 3231 (1988). Our jurisdiction is predicated on 18 U.S.C. § 3742 (1988) and 28 U.S.C. § 1291 (1988).

## II.

Kikumura raises a number of arguments in this second appeal. First, he argues that his conviction under 18 U.S.C. § 844(d) was "too slender a reed" to support consideration at the sentencing of his specific intent to commit multiple murder when he had not been convicted of that crime. He contends that the court could not permissibly consider his intent to kill at sentencing without affording him the "entire panoply

1. That portion of the Sixth Amendment commonly referred to as the Confrontation Clause provides, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witness against him." U.S. Const. amend. VI.

2. Kikumura's privately retained counsel, who represented him at trial and on his first appeal, was granted permission to withdraw by this court on January 30, 1991. On that date, the

court also ordered that the New Jersey Federal Defender be appointed as substitute counsel.

3. Kikumura was made aware that there would be a resentencing when our opinion in *Kikumura I* was filed on November 2, 1990.

4. In *Kikumura I,* we noted that Kikumura had failed to raise this issue in the district court and we declined to pass on it. 918 F.2d at 1101.

of rights" that apply at trial. Appellant's Brief at 13.

■ This claim is not properly before us for two reasons. First, Kikumura explicitly waived any objection to the government's introduction of evidence of his intent to kill at sentencing. Prior to the bench trial, Kikumura agreed that the government would be free to introduce whatever evidence it deemed appropriate at the sentencing proceeding. Furthermore, when the government did introduce evidence of his intent to kill at the sentencing proceeding, Kikumura did not object and thus failed to preserve the issue for appeal.[5] As held in *Kikumura I*, generally we will not consider an issue on appeal that the parties failed to present in the court below. *Kikumura I*, 918 F.2d at 1101; *Flick v. Borg–Warner Corp.*, 892 F.2d 285, 287 (3d Cir.1989); *Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1153 (3d Cir.1989); *Newark Morning Ledger Co. v. United States*, 539 F.2d 929, 932 (3d Cir.1976).

■ The upward departure in sentencing based on Kikumura's intent to kill also is not properly before the court because upon remand of a case for further proceedings after a decision by the appellate court, the trial court must "proceed in accordance with the mandate and the law of the case as established on appeal." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir.1985). The trial court must "implement both the letter and the spirit of the mandate, taking into account the appel-

late court's opinion and the circumstances it embraces." *Id.*

■ In *Kikumura I*, we explicitly authorized the district court to impose an upward departure for Kikumura's intent to kill. *Kikumura I*, 918 F.2d at 1109 ("We hold that none of the offense guidelines under which Kikumura was sentenced adequately takes into consideration Kikumura's intent to commit murder. Thus, we conclude that an upward departure was legally permissible...."). We remanded the case with the mandate that the district court "resentence Kikumura consistent with this opinion." 918 F.2d at 1119. The district court, on remand, was bound to follow that mandate; it had no authority to reconsider the issue. *A.S. Kreider Co. v. United States*, 117 F.2d 133, 135 (3d Cir. 1940) (district court precluded from reconsidering on remand matters decided by court of appeals), *rev'd on other grounds*, 313 U.S. 443, 61 S.Ct. 1007, 85 L.Ed. 1447 (1941). Therefore, law of the case governs this issue and it is not properly before us.

### III.

Next, Kikumura contends that factual findings at a sentencing proceeding must be supported by proof beyond a reasonable doubt and that hearsay may only be admitted at sentencing if it satisfies the Confrontation Clause.[6] He asserts that we did not specifically consider the appropriateness of the reasonable doubt standard at sentencing in *Kikumura I* and therefore may now pass on this "fundamental claim." Kikumura acknowledges that we reached a decision with respect to the standard of admissibility of hearsay in *Kikumura I*,[7] but

---

**5.** It was Kikumura who proposed a trial on stipulated facts, because he wanted to avoid a lengthy trial and expedite the appellate process. Kikumura's attorney unambiguously agreed that the stipulation would not bar the government from introducing evidence of his intent to kill at sentencing, so long as there was "some sort of alternative factual basis for the imposition of sentence." Supp.App. at 34.

**6.** The standard of admissibility under the Confrontation Clause was set forth by the Supreme Court in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980):

[w]hen a hearsay declarant is not present for cross-examination at trial, the Confrontation

Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.

*Id.* at 66, 100 S.Ct. at 2539.

**7.** In *Kikumura I*, we stated that we were "reluctant to superimpose the jurisprudence of the confrontation clause upon the sentencing phase" as set forth in *Ohio v. Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539. 918 F.2d at 1102. We

urges us to reconsider that holding in his present appeal.

Although neither party raised the issue of the appropriate standard of proof at sentencing in *Kikumura I*, we reached that issue because Kikumura had asked us to review findings of fact, an exercise that required us to determine what standard of proof the factfinder should have applied. 918 F.2d at 1101. As we noted in *Kikumura I*, it was Kikumura himself who urged that the district court adopt the clear and convincing evidence standard rather than the preponderance of the evidence standard at the first sentencing proceeding. Since he did not argue that the reasonable doubt standard was appropriate nor did he ask for a higher standard of proof, we "assume[d] without deciding that the clear and convincing standard [was] sufficient." *Id.*

■ Kikumura cannot continue to litigate questions already decided by this court in a prior proceeding. Our observation in *Kikumura I*, that we might require a more demanding standard of proof at sentencing proceedings "at some later date," *id.* at 1103 n. 22, was not an invitation to Kikumura to bring a second appeal relitigating the issue and urging that higher standard upon us. Indeed, under the law of the case doctrine, when a court "decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)); *see also A.S. Kreider Co.*, 117 F.2d at 135. Thus our holding with respect to the standard of proof arrived at in *Kikumura I* is

now law of the case for purposes of this subsequent proceeding.[8]

■ Kikumura also failed to preserve his objection to the use of an affidavit of a confidential informant containing hearsay at sentencing. He did not ask the district court to apply a reasonable doubt standard at the first sentencing proceeding and as we noted in *Kikumura I*, we will not consider this issue on appeal because he failed to raise it before the district court. 918 F.2d at 1101.

Moreover, we explicitly passed on the admissibility of hearsay at sentencing in *Kikumura I*, holding that hearsay statements "cannot be considered [at sentencing] unless other evidence exists that they are reasonably trustworthy." *Id.* at 1103.[9] We expressly refused to adopt the Eighth Circuit's approach in *United States v. Fortier*, 911 F.2d 100 (8th Cir.1990), which held the Confrontation Clause applicable to all sentencing proceedings. 918 F.2d at 1103 n. 19. Therefore, this issue is precluded by law of the case in this subsequent proceeding and cannot be relitigated. *A.S. Kreider*, 117 F.2d at 135.

■ We must also reject Kikumura's present claims regarding the burden of proof and the standard of admissibility of hearsay at sentencing because of our Internal Operating Procedures ("IOPs"). Section 9.1 of our IOPs provides that "the holding of a panel in a reported opinion is binding on subsequent panels." Court in banc consideration is required if a subsequent panel wishes to overrule the holding of a previous panel's published opinion. *Id.* In *Kikumura I*, a panel of this court determined the applicable burden of proof and the standard of admissibility of hearsay at sentencing. Rather than petitioning this court for rehearing or petitioning the Unit-

did, however, hold that in cases such as this, due process requires more than a minimum indicium of reliability. We concluded that "the court should examine the totality of the circumstances, including other corroborating evidence, and determine whether the hearsay declarations are reasonably trustworthy." *Id.* at 1103. We found that the affidavit in question complied with this standard of admissibility. *Id.*

**8.** In *Kikumura I*, we held that the clear and convincing evidence standard should be applied where a sentencing court is contemplating a significant upward departure from the Sentencing Guidelines. 918 F.2d at 1101.

**9.** In *Kikumura I*, we found that the affidavit complained of met this standard of admissibility. 918 F.2d at 1103 ("[w]e are satisfied that the Hartman affidavit complies with our new intermediate standard").

ed States Supreme Court for a writ of certiorari, Kikumura now seeks to relitigate issues previously decided by another panel. The holding of the panel in *Kikumura I* is binding on us and we will not overrule that panel on a second appeal. *See McLaughlin v. Pernsley,* 876 F.2d 308, 313 (3d Cir.1989) (that part of court of appeals ruling which was "unsullied" by Supreme Court's subsequent decision continues to bind the court of appeals in subsequent cases under the IOPs); *United Food & Commercial Workers Union v. N.L.R.B.,* 788 F.2d 178, 182 (3d Cir.1986) (IOPs "flatly prohibit a panel of this court from overruling a published opinion of a previous panel"), *rev'd on other grounds,* 484 U.S. 112, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987).

### IV.

Finally, Kikumura contends that the district court erred when it refused to grant a continuance to allow him to obtain the counsel of his choice to represent him at resentencing. We reject his argument that he is entitled to a new sentencing hearing with counsel of his choice.

 The Sixth Amendment to the U.S. Constitution guarantees criminal defendants the right to the assistance of counsel in their defense.[10] Due process demands that a defendant be afforded an opportunity to obtain the assistance of counsel of his choice to prepare and carry out his defense. While the right to counsel is absolute, we have long held that the Sixth Amendment does not guarantee criminal defendants an absolute right to counsel *of their choice.* *Jones v. Zimmerman,* 805 F.2d 1125, 1133 (3d Cir.1986), *cert. denied,* 480 U.S. 909, 107 S.Ct. 1356, 94 L.Ed.2d 526 (1987); *United States v. Flanagan,* 679 F.2d 1072, 1075 (3d Cir.1982), *rev'd on other grounds,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984); *Davis v. Stamler,* 650 F.2d 477, 479 (3d Cir.1981); *United States ex rel. Carey v. Rundle,* 409 F.2d 1210, 1215 (3d Cir.1969), *cert. denied,* 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970). Due process is satisfied so long as the accused is afforded a fair and reasonable opportunity to obtain his chosen counsel and there is no arbitrary action prohibiting the effective use of such counsel. *Rundle,* 409 F.2d at 1215.

 While the Sixth Amendment affords some protection to the defendant's choice of counsel, when that choice comes into conflict with a trial judge's discretionary power to deny a continuance, the court will apply a balancing test to determine if the trial judge acted fairly and reasonably. *United States v. Leavitt,* 608 F.2d 1290, 1293 (9th Cir.1979). A trial court's decision to deny a continuance will only be reversed if an abuse of discretion is shown. *United States v. Fischbach and Moore, Inc.,* 750 F.2d 1183, 1195 (3d Cir.1984), *cert. denied,* 470 U.S. 1029, 105 S.Ct. 1397, 84 L.Ed.2d 785 (1985); *Paullet v. Howard,* 634 F.2d 117, 119 (3d Cir.1980); 3A Charles A. Wright, *Federal Practice and Procedure: Criminal 2d* § 832 (1982) ("Occasionally an abuse of discretion will be found, but this is so rare that it is correct to say that the action of the trial court is ordinarily not reviewable."). While a "myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality," the Supreme Court has stated that denying a request for a continuance constitutes an abuse of discretion only when it is "so arbitrary as to violate due process." *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 (1964).

 In determining if a continuance should be granted, a court should consider: the efficient administration of criminal justice; the accused's rights, including an adequate opportunity to prepare a defense; and the rights of other defendants awaiting trial who may be prejudiced by a continuance. *Fischbach,* 750 F.2d at 1195. Thus a court, considering all of the facts of a particular case, may refuse to grant a continuance even if to do so results in the deprivation of defendant's chosen counsel.

---

**10.** The Sixth Amendment provides, in pertinent part: "In all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defense." U.S. Const. amend. VI.

*Paullet,* 634 F.2d at 119. While it is desirable that a defendant be represented by the counsel of his choice, that goal is sometimes outweighed by the "equally desirable public need for the efficient and effective administration of criminal justice." *Id.*

█ As the Supreme Court noted in *Ungar,* decisions as to whether to grant a continuance will often be arguable and different courts may well reach different conclusions as to the need for a continuance. 376 U.S. at 591, 84 S.Ct. at 850. However, "the fact that something is arguable does not make it unconstitutional." *Id.* In the present case, we cannot say that the district court's refusal to grant a continuance was an abuse of discretion. It is true that, were we sitting as district court judges, we would have found Kikumura's request to obtain particular counsel reasonable and granted the continuance. However, the manner in which we would have decided the motion is not a yardstick with which to measure the constitutionality of the district court's decision. We do not believe the district court's refusal to grant a continuance under these facts rises to the level of arbitrariness constituting an abuse of discretion.

Our decision in *Kikumura I,* which required a resentencing proceeding, was filed on November 2, 1990. On January 8, 1991, the attorneys who represented Kikumura at trial and on his first appeal filed a motion to withdraw with this court due to an "irreconcilable conflict of interest" with Kikumura. That motion was granted on January 30, 1991. Prior to the resentencing on March 1, 1991, the district court twice adjourned resentencing at the request of the defense and one of those adjournments was prior to the resolution of the motion to withdraw, indicating that Kikumura was aware, prior to January 30, 1991, that he would need new counsel. App. at 6. Thus Kikumura was aware of a pending resentencing for four months prior to its occurrence and knew, prior to the resolution of

the motion to withdraw on January 30, that such a motion had been made. At the very least Kikumura had a full month to find new private counsel. We find that Kikumura was given a reasonable amount of time in which to arrange for such counsel's appearance at the resentencing, even under the restrictive conditions imposed at Marion Federal Prison. While Kikumura's use of the telephone may have been restricted at that facility, he apparently had access to the postal service, through which he easily could have kept his desired counsel informed of the scheduled proceedings.

Moreover, there is no indication that the attorney who did represent Kikumura at the resentencing proceeding was less than fully competent. The federal defender was assigned to Kikumura's case on February 1, 1991, giving the federal defender a full month to prepare for the resentencing. The record indicates that Kikumura's appointed counsel ably represented him at the resentencing, raising numerous issues in order to preserve them for appeal, despite the district court's reluctance to hear argument on those issues.[11] We cannot say that the failure of the district court to grant a continuance, after having granted two previously, constituted an abuse of discretion mandating a new resentencing proceeding.

### V.

In sum, we hold that Kikumura's claim that his conviction under 18 U.S.C. § 844(d) was "too slender a reed" to support consideration at sentencing of his specific intent to commit multiple murder is not properly before us. Similarly, our holdings as to the proper standard of proof at sentencing and the standard for admissibility of hearsay at sentencing are now law of the case and cannot be relitigated on this appeal. Finally, we hold that the district court, upon its evaluation of the facts of the case, did not abuse its discretion in refusing to grant Kikumura another continuance so he could

11. The federal defender raised the issue of the sentencing of Kikumura for intent to commit multiple murder despite the fact that he was not convicted of a crime involving intent to commit personal injury and raised an issue as to suppression of evidence which is not pursued in the present appeal.

appear with his chosen counsel. We will affirm the district court in all respects.

LOUIS H. POLLAK, District Judge, dissenting:

I subscribe to the court's pronouncement that a trial judge's decision to deny a continuance to permit a criminal defendant to secure new counsel should not be overturned unless the trial judge's decision was an abuse of discretion. I also subscribe to the court's conclusion that, in the case under review, a continuance should have been granted. But I respectfully dissent from the court's further conclusion that the contrary judgment of the district court—i.e., its denial of the continuance requested, on defendant Yu Kikumura's behalf, by his appointed counsel—did not constitute an abuse of discretion. Accordingly, I would vacate the sentence imposed by the district court and remand for a further resentencing at which the defendant could be represented by counsel of his choice.

## I.

On January 8, 1991, Ronald L. Kuby, Esq., and William M. Kunstler, Esq., the attorneys who had, pursuant to court appointment, represented Yu Kikumura (1) throughout the first district court phase of this case, and (2) on appeal from his initial sentence, filed a motion in this court to withdraw from their representation of the defendant. In their motion papers, Messrs. Kuby and Kunstler stated that "an irreconcilable conflict of interest has developed between counsel and Mr. Kikumura," and that their client wished to petition for certiorari from this court's prior decision, a course of action which the attorneys said that they could not pursue "consonant with our professional obligations."[1]

This court granted the motion of Messrs. Kuby and Kunstler to withdraw on January 30, 1991.

Resentencing took place on March 1, 1991. At the outset of the proceedings, Assistant Federal Defender Thomas Higgins addressed the district judge as follows (App. at 3–5):

Your Honor, Mr. Kikumura, until the day before yesterday, was held at the United States correctional facility at Marion, Illinois. He was brought to MCC, New York in the afternoon of the day before yesterday.

I first visited him there yesterday and during that visit he indicated to me that he has talked to attorneys for the purpose of having them represent him for this proceeding and for further proceedings in regard to this matter.

He explained to me how he made contact with these attorneys from Marion. Apparently, a prisoner there can't make a collect phone call to an attorney without first writing a letter to that attorney, asking that attorney to write a letter back to Marion telling the officials at Marion that they would authorize a collect phone call.

He gave me the names of the two attorneys, Jeffrey Haas, H-a-a-s, and Michael Deutch, D-e-u-t-c-h, and their phone numbers. (312) 235–0070.

I contacted those attorneys yesterday without success, but today Mr. Haas contacted me and advised me that, indeed, he was willing to enter an appearance on behalf of Mr. Kikumura.

He also indicated to me there was an attorney in New York, named Daniel Meyers who he, Mr. Haas, had spoken to about representing Mr. Kikumura. I've attempted to contact Mr. Meyers. His phone number is (212) 226–4106, but I have been unable to speak to him about this matter.

Mr. Kikumura asks me, your Honor, to ask the Court to adjourn this matter so that he can have further time to try and make arrangements for counsel of his own choice.

As I understand it, his ability to communicate with these lawyers is restricted because of his being confined in a maximum security institution and I don't

---

1. The certificate of service accompanying the motion to withdraw recites that a copy of the motion was mailed to Assistant United States Attorney John Lacey; the certificate is silent with respect to service on the defendant.

think it's unreasonable, your Honor, for him to have additional time, in view of the fact that Mr. Kunstler and Mr. Kuby were relieved by the Court of Appeals at the end of January and between [*sic*] the 28 days of February are the only days that he's really had the opportunity to try and retain counsel or get counsel of his own choice.

Assistant United States Attorney John Lacey responded (App. at 5–6):

Your Honor, on February 5th we sent a letter to the Court, which outlined factors that we submit were not adequately considered by the sentencing commission in promulgating the guidelines applicable to this defendant.

We also believe those are facts that are in the record, that was adduced before this Court during the sentencing proceedings in early 1989.

If our arguments are accepted by this Court, the original sentence of 30 years that was imposed by your Honor might well be imposed again, and that would be more than simply the ministerially act of implementing the 21 year and ten month sentence that was suggested by the Third Circuit in its opinion.

Under those circumstances, if this defendant has acted expeditiously and intends to act expeditiously to obtain new counsel of his choice, he has that right.

At the same time we wonder where these attorneys are. I assume, based on Mr. Higgins' comments, that these attorneys knew that there was going to be a resentencing. They knew your Honor was going to be the sentencing judge. Why was no inquiry made of chambers or the U.S. Attorney's Office to find out when the resentencing was going to be held?

Under those circumstances, your Honor, we would submit to a or we would agree to an adjournment of this matter, which would permit all parties ample opportunity to prepare for the resentencing of this defendant and to address the arguments contained in our February 25, 1991 correspondence with the Court.

The judge then said (App. at 6–7):

This case was argued in the circuit September 7, 1989 and decided November 2, 1990.

Mr. Kikumura has been fully aware since November of 1990 that he would be resentenced.

To adjourn this now, really to a large extent, let's [*sic*] the tail wag the dog. He sat back for months. Messrs. Kuby and Kunstler represented him.

We had this scheduled for sentencing at least two times before this. Each time adjourned at the request of Mr. Kuby and Mr. Kunstler.

The application of those two attorneys to be relieved went to the circuit back in January, as I recall, and that was one of the reasons for the requested adjournment here. It seems to me that Mr. Kikumura has had more than ample time to obtain counsel.

As I view the Circuit's opinion, I don't have much leeway. Whether I agree with this opinion is not the point.

To the extent this case stops at the Circuit, the Circuit is a policy court and makes a determination here. The obvious disagreement between me and the Circuit with regard to the amount of reasonableness of the departure is clear.

Mr. Higgins, I'm really not inclined to grant an adjournment.

Mr. Higgins replied (App. at 7–8):

Your Honor, I want to state that one of the comments made by Mr. Lacey concerning the attorneys that he's contacted, the one I talked to this morning, Jeffrey Haas, asked me how I talked to Mr. Kikumura, did you go to Marion. I said no, Mr. Kikumura is here in New York. He was unaware of the fact that Mr. Kikumura had been moved from Marion to New York.

He indicated to me that they had been in touch with a New York attorney, and that name is Daniel Meyers, to represent Mr. Kikumura.

I think in a case such as this, where he had Mr. Kunstler and Mr. Kuby and they

were relieved by the Court of Appeals and we were assigned, actually we received the assignment February 1st.

During the following four weeks until today, he's been attempting to get the other counsel and as soon as he was able to talk to somebody, meaning me yesterday, he told me who the other counsel was. I immediately tried to correspond with the other counsel.

I don't think his conduct can be considered to be negligent in attempting to obtain other counsel.

There are issues which probably should be raised in connection with this sentencing if it's to go forward—

After further colloquy, in which the judge determined that he was not going to explore issues that lay outside the purview of this court's remand order, the judge proceeded with resentencing without granting the continuance requested by Mr. Higgins.

## II.

In concluding that denial of the motion for a continuance was not an abuse of discretion, the court notes that this court's remand order was filed in early November of 1990, and that on January 30, 1991 Messrs. Kuby and Kunstler were granted permission to withdraw as defendant's counsel. Therefore, the court states, "Kikumura was aware of a pending resentencing for four months prior to its occurrence

2. It may well be the case that the defendant was apprised by Messrs. Kuby and Kunstler that they had filed a motion to withdraw—and hence that he was aware before receiving notice of this court's January 30, 1991 order granting the motion that he would probably need new counsel—but the record does not appear to establish that fact. *See* footnote 1, *supra.*

3. Mr. Higgins' recital of the difficulties encountered by a Marion inmate who tries to communicate with a lawyer was not controverted in the district court or here on appeal. The control measures in force at Marion appear to be comprehensive. As the Seventh Circuit has observed, in an opinion by Judge Posner, Marion "is the successor to Alcatraz as the prison designed to hold the most violent and dangerous prisoners in the federal system.... [I]t may be the most severe prison in the country...."

and knew, prior to January 30, 1991, that a request to withdraw had been made by his trial counsel." [2] Accordingly, the court finds "that Kikumura was given a reasonable amount of time in which to arrange for such counsel's appearance at the resentencing, even under the restrictive conditions imposed at Marion Federal Prison." [3]

Assuming that the time afforded the defendant to get new counsel was not unreasonable, the question remains: What real cost to the criminal justice system would have been entailed by a continuance to permit the defendant to secure the services of an attorney who, as Mr. Higgins informed the district judge, had agreed to enter an appearance on the defendant's behalf? The court says, citing *United States v. Fischbach and Moore, Inc.*, 750 F.2d 1183, 1195 (3d Cir.1984), that a court deciding a motion for continuance "should consider: the efficient administration of criminal justice; the accused's rights, including an adequate opportunity to prepare a defense; and the rights of other defendants awaiting trial who may be prejudiced by a continuance." Maj.Op. at 78. In the present case—unlike *Fischbach*—there were no other defendants. And no suggestion has been made of any way in which a continuance for ten days—or even one— would have impaired "the efficient administration of criminal justice."

It may well be that the defendant would have fared no better had he been represented by other counsel.[4] But perhaps he

*Bruscino v. Carlson*, 854 F.2d 162, 163–64 (7th Cir.1988). See J. Michael Olivero & James B. Roberts, *The United States Federal Penitentiary at Marion, Illinois: Alcatraz Revisited*, 16 New Eng.J. on Crim. & Civ.Confinement 21 (1990).

4. That appears to be the view of the United States, as reflected in its brief (at 23):

In addition, the district court made clear that it viewed its task at the resentencing hearing as essentially ministerial. The district court observed that this Court's opinion left it without much "leeway" in resentencing Kikumura. (A6.) Both Kikumura (A8, A17) and the government (A5, A28) sought to bring new issues to the Court's attention at the hearing, but the district court declined to address those issues. When the district court resentenced Kikumura, it adopted its prior opinion and this Court's opinion "in their entirety as a

would have. In any event, it is a basic tenet of our adversary system that a defendant is entitled to every reasonable opportunity to have an advocate of his own selection speak for him and make his best case. In my judgment, that reasonable opportunity was unreasonably withheld here.

basis for departure" (A27), and imposed a sentence within the guideline range calculated by this Court. (A28).

Simply stated, there was very little for counsel for Kikumura to do at such a ministerial hearing. The district court stated its intention to impose as lengthy a sentence as possible within the confines of this Court's opinion (A19), and it did so. It considered no new legal claims and found no new facts. Given the narrow scope of his role, appointed counsel represented Kikumura as ably as any private attorney whom Kikumura might have retained.