

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2006

# USA v. Constant

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4518

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Constant" (2006). 2006 Decisions. Paper 433.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/433

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-4518
_____

UNITED STATES OF AMERICA

v.

IVAN CONSTANT,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00434)
District Judge: Honorable Anita B. Brody
_____

Submitted under Third Circuit LAR 34.1(a)
September 12, 2006

BEFORE: FUENTES, FISHER, AND BRIGHT[*], Circuit Judges

(Filed: September 20, 2006)
_____

OPINION
_____

BRIGHT, Circuit Judge.

    This case comes before us a third time.  A jury convicted Ivan Constant of being a

_____

[*]Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

felon in possession of a firearm, 18 U.S.C. § 922(g)(1), we affirmed, and the Supreme Court remanded the case to us for consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Constant,* 117 Fed. Appx. 225 (3d Cir. 2004) (unpublished), *vacated by* 544 U.S. 971 (2005) (mem.). We remanded the case to the District Court. *See United States v. Constant*, No. 04-1025 (3d Cir. Aug. 16, 2005) (unpublished). The District Court resentenced Constant to seventy-two months' imprisonment, three years' supervised release, and imposed a fine of $400 and a special assessment of $100. Constant now appeals the judgment of conviction in order to challenge only the constitutionality of the felon in possession statute.

Constant challenged the constitutionality of the felon in possession statute in his first appeal before us, alleging it violated the Commerce Clause of the United States Constitution, *see United States v. Lopez*, 514 U.S. 549 (1995). We rejected his challenge because it is foreclosed by our opinion in *United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001). *See Constant*, 117 Fed. Appx. at 226. Both the Supreme Court's remand to us and our remand to the District Court directed reconsideration only of Constant's sentence in light of *Booker. See United States v. Constant*, 544 U.S. 971 (2005); No. 04-1025 (3d Cir. Aug. 16, 2005). The challenge Constant presents here to his conviction, rather than his sentence, is thus beyond the scope of remand and we will not revisit the issue. *See, e.g., In re City of Philadelphia Litigation*, 158 F.3d 711, 717-18 (3d Cir. 1998) (under law of the case doctrine appellate panel will generally not reconsider question already resolved by previous panel in same case); *United States v. Copple*, 24

2

F.3d 535, 549 n.22 (3d Cir. 1994) (applying law of the case doctrine in criminal context); *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991) (same).

Constant recognizes that he can obtain no relief in this Court, but raises the issue "to [attempt to] preserve the claim for review by the Supreme Court of the United States and/or for any subsequent collateral proceeding."

Accordingly, we will affirm the conviction and sentence.

_____