**UNITED STATES of America,**

v.

**Paul E. REINHART, Jr., Appellant.**

No. 07–2299.

United States Court of Appeals,
Third Circuit.

Submitted pursuant to Third Circuit
LAR 34.1(a) March 24, 2008.

Filed: April 23, 2008.

Martin C. Carlson, Office of United States Attorney, Harrisburg, PA, for Appellee.

Frederick W. Ulrich, Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: McKEE, RENDELL and TASHIMA *, Circuit Judges.

OPINION

McKEE, Circuit Judge.

Paul E. Reinhart appeals the district court's denial of his motion to withdraw his guilty plea. For the reasons that follow, we will affirm.

**I.**

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural history except insofar as it may be helpful to our brief discussion. We review the district court's denial of the motion to withdraw the guilty plea prior to sentenc-

ing for an abuse of discretion. *United States v. Jones,* 336 F.3d 245, 252 (3d Cir.2003). We apply the same standard in reviewing the court's denial of a request for a continuance. *United States v. Adedoyin,* 369 F.3d 337, 341 (3d Cir.2004). In determining whether the defendant has shown a fair and just reason to withdraw his guilty plea pursuant to Rule 11(d), the district court must consider: (1) whether the defendant asserts his innocence, (2) the strength of the defendant's reasons for withdrawing his plea, and (3) whether the government would be prejudiced by the withdrawal of the plea. *United States v. Brown,* 250 F.3d 811, 815 (3d Cir.2001); *Jones,* 336 F.3d at 252. As the district court noted here, Reinhart failed to make any assertion of innocence. Rather, Reinhart merely asserted that he wanted to withdraw his plea because he wanted a jury trial. However, that is nothing more than a statement that he changed his mind after he pled guilty. A defendant cannot seek to withdraw his plea "on a whim," and a "shift in defense tactics, a change of mind, or fear of punishment are not adequate reasons" to allow withdrawal of a guilty plea. *Id.* at 252–53. Because Reinhart failed to assert a supportable ground for withdrawing his plea, we need not even consider whether allowing him to do so would have prejudiced the government. *Id.* at 254. Thus, we conclude that the district court's denial of Reinhart's motion to withdraw his guilty plea was not an abuse of discretion. *See United States v. Kikumura,* 947 F.2d 72, 78 (3d Cir.1991) (a district court's denial of a request for continuance will be considered an abuse of discretion only if it is "so arbitrary as to violate due process").

---

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

## II.

Moreover, a thorough competency evaluation of Reinhart had already been conducted prior to Reinhart's guilty plea. Additionally, Reinhart made his request a mere six days before his sentencing, thus creating the appearance that he was attempting to "game the system" by manipulatively delaying the proceeding.

## III.

Accordingly, for the reasons set forth above, the district court did not abuse its discretion in denying Reinhart's motion to withdraw his guilty plea; therefore, we will affirm the judgment of conviction and the sentence.