

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2008

# USA v. Tykarsky

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3663

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Tykarsky" (2008). *2008 Decisions.* Paper 396.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/396

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3663
_____

UNITED STATES OF AMERICA,

v.

TODD TYKARSKY,
a/k/a TODDTY63,
a/k/a GOLPHER12345,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00400)
District Judge: Honorable Harvey Bartle III, Chief Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 12, 2008
_____

Before: SLOVITER, FUENTES and ALDISERT, Circuit Judges
(Filed: October 8, 2008)

_____

OPINION
_____

ALDISERT, Circuit Judge

Appellant Todd Tykarsky challenges his convictions in the United States District

Court for the Eastern District of Pennsylvania for actual or attempted persuasion of a minor to engage in illicit sexual activity, in violation of 18 U.S.C. § 2422(b), and traveling for the purpose of engaging in illicit sexual activity, in violation of 18 U.S.C. § 2423(b). Tykarsky's challenges to his convictions were raised in a previous appeal to this Court. See United States v. Tykarsky, 446 F.3d 458 (3d Cir. 2006). There, we joined several of our sister courts of appeals in holding that the involvement of an actual minor, as distinguished from an adult government decoy, is not a prerequisite for conviction under § 2422(b) or § 2423(b). We upheld Tykarsky's conviction but remanded for re-sentencing. After his re-sentencing, Tykarsky filed this appeal, raising previously adjudicated issues to preserve them for review by the Supreme Court.[1]

We do not reconsider previously addressed issues concerning convictions after limited remand for re-sentencing. In United States v. Kikumura, 947 F.2d 72 (3d Cir. 1991), we held,

> [A defendant] cannot continue to litigate questions already decided by this Court in a prior proceeding. . . . Indeed, under the law of the case doctrine, when a court "decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."

---

[1] Tykarsky claims that (1) "[t]he government's evidence was insufficient," (2) his rights under the "Fifth and Sixth Amendments were violated where the Indictment as drafted failed to properly charge the offenses and resulted in an improper constructive amendment and prejudicial variance," and (3) "[t]he Indictment and each count are unconstitutional as drafted and as applied and in violation of the commerce clause and interstate travel provisions of the United States Constitution." Appellant's Br. at 20.

2

<u>Id.</u> at 77 (quoting <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816 (1988)).

The judgment of the District Court will therefore be affirmed.