OPINION

WEIS, Circuit Judge.
An indictment filed on April 11, 2006, charged defendant, a chiropractor, with one count of conspiracy, three counts of mail fraud, and three counts of tax evasion. The accusations were based on the defendant’s involvement in a scheme to defraud an insurance company.
The District Court scheduled jury selection and trial for July 31, 2006, and ordered the parties to complete the filing of pretrial motions by June 19, 2006. Between June 2006 and February 2007, however, defendant sought and received twelve extensions of time to file pretrial motions. In late February 2007, defendant retained new counsel and, on March 5, 2007, requested a thirteenth extension of time “to confer with ... counsel and to file pretrial motions and briefs.” The District Court granted the defendant’s motion, extending the time to file pretrial motions to March 19, 2007.
On March 20, 2007, one day after pretrial motions and briefs were due, defendant filed a fourteenth motion seeking additional time to prepare those pleadings. The motion was denied on March 22, 2007.
After each party received one trial continuance, jury selection and trial began on June 18, 2007. Defendant was convicted of all counts, and the District Court later sentenced him to forty-six months imprisonment. Defendant timely appealed.
Defendant here argues that the District Court erred in denying his fourteenth mo *299 tion for an extension of time to file pretrial motions and briefs.
We have explained that “the efficient administration of criminal justice” and counsel’s diligence “in requesting the continuance” are among the factors to be considered by a district court deciding a motion for continuance. United States v. Fisher, 10 F.3d 115, 117-18 (3d Cir.1993) (citation omitted). There, we affirmed the denial of such a motion where “the district court had already granted numerous continuances and had put off the scheduled trial date for eight months.” Id. at 118.
Here, defendant received thirteen continuances. The thirteenth was specifically granted to allow newly retained counsel to prepare and file the defendant’s pretrial pleadings. In addition, the motion for a fourteenth enlargement of time was filed after the latest filing deadline had run. Under those circumstances, we cannot say that the District Court acted arbitrarily and abused its discretion by denying defendant another continuance. See United States v. Kikumura, 947 F.2d 72, 78 (3d Cir.1991) (denial of continuance is reviewed for abuse of discretion, which occurs only when district court’s action is “so arbitrary as to violate due process” (quoting Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964))).
Accordingly, the judgment of the District Court will be affirmed.