UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 02-4120

RAY WALLACE METTETAL, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-34)

Argued: September 25, 2002

Decided: October 23, 2002

Before WILKINS, MICHAEL, and KING, Circuit Judges.

Vacated by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Frederick Theodore Heblich, Jr., Charlottesville, Virginia, for Appellant. Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee. **ON BRIEF:** John L. Brownlee, United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

After Ray Wallace Mettetal, Jr. appealed following his first trial, we vacated his convictions on the ground that certain of the evidence used against him should have been excluded as the fruit of his unlawful arrest. At his retrial the district court admitted the challenged evidence under the good faith exception, and a jury again convicted Mettetal. He now appeals for the second time. Because our decision in Mettetal's first appeal contained a clear mandate that all evidence derived from his unlawful arrest should have been excluded, we again vacate his convictions.

Mettetal was first convicted by a jury in July 1998 of possession of a toxin (ricin) in violation of 18 U.S.C. § 175 and of possession of false identification documents in violation of 18 U.S.C. § 1028(a)(3). On appeal Mettetal argued that the district court erred in denying his suppression motion. We held as follows:

> We conclude as a matter of law that the police [in Tennessee] did not have probable cause to arrest Mettetal. The evidence used to convict Mettetal in district court — that is, the ricin found in the storage unit [in Virginia] and the false identification documents and other evidence found in his home [in Virginia] (or in the storage unit) — was discovered as a result of information obtained from his unlawful arrest and the search incident to that arrest. This evidence should have been excluded as the fruit of the unlawful arrest. *See United States v. Seidman*, 156 F.3d 542, 548 (4th Cir. 1998). Mettetal's convictions are therefore vacated.

*United States v. Mettetal*, 213 F.3d 634, 2000 WL 530330, at *6 (4th Cir. May 3, 2000) (unpublished table opinion) (footnote omitted).

On remand Mettetal moved to dismiss the indictment on the ground that our earlier decision excluded the evidence necessary to convict him. The government opposed the motion, asserting that the evidence was admissible under *United States v. Leon*, 468 U.S. 897 (1984), which established the good faith exception to the exclusionary rule. The government also argued that our decision did not foreclose its good faith argument. The district court agreed with the government, concluding that our decision did not foreclose consideration of the good faith exception on remand. *United States v. Mettetal*, No. Crim.A.3:96CR50034, 2000 WL 33232324, at *3 (W.D. Va. June 16, 2000). The district court further concluded that the good faith exception applied in this case and that the evidence obtained in Virginia during searches of Mettetal's home and storage unit was admissible under the exception. *Id.* at *10. With this evidence admitted, Mettetal was convicted at his second trial in October 2001 for possession of a toxin and for possession of false identification documents. Mettetal now appeals these new convictions. His main argument, and the only one we need to address, is that the district court erred in allowing the government to relitigate the suppression issue because that issue had been decided by our mandate in the first appeal. We agree.

"Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'" *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). That is, a district court must abide by the mandate of an appeals court and may not consider questions resolved by that mandate. *Id.* When a district court engages in further proceedings related to the matter resolved by the appellate court, the district court must follow "both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *United States v. Kikumura*, 947 F.2d 72, 76 (3rd Cir. 1991) (citation and internal quotation marks omitted).

The letter and spirit of our earlier mandate were clear: all evidence "discovered as a result of information obtained from [Mettetal's] unlawful arrest and the search incident to that arrest . . . should have been excluded as the fruit of the unlawful arrest." *United States v. Mettetal*, 2000 WL 530330, at **6. When we said categorically that the evidence should have been *excluded*, we precluded further consid-

eration of the question of admissibility. As a result, the district court erred in admitting the evidence under the government's alternative theory. Mettetal's new convictions are therefore vacated.*

*VACATED*

*We take no position on whether a more narrowly worded mandate would have permitted the government to assert the good faith theory on remand.