

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2003

# USA v. Dixon

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1248

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Dixon" (2003). *2003 Decisions.* Paper 68.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/68

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 03-1248 and 03-1249

UNITED STATES OF AMERICA

v.

DANTE DIXON,
                                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 01-cr-00090-1
District Judge:  The Honorable Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2003

Before: RENDELL, BARRY, and MAGILL,[*] Circuit Judges

(Opinion Filed:  December 9, 2003)

OPINION

---

[*] The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

BARRY, <u>Circuit Judge</u>

Dante Dixon appeals from the judgment of sentence entered pursuant to our October 9, 2002 order of remand to the District Court for resentencing following Dixon's first appeal and from the subsequent denial of his motion under F.R.Crim.P. 35(a). He argues that the consecutive sentences imposed upon him on remand were in violation of the Fifth Amendment's Double Jeopardy Clause. We have jurisdiction under 28 U.S.C. § 1291, and will affirm.

Because we write only for the parties and the District Court in this Not Precedential Opinion, we will not reprise all that has gone before, as it is well known to those involved. Suffice it to say that Dixon pled guilty to two one-count informations, each of which alleged conspiracy to participate in credit card fraud, in violation of 18 U.S.C. § 1029(b)(2). His total offense level was determined to be 20, his criminal history category to be V, and the guideline imprisonment range that resulted to be 63-78 months. On October 1, 2001, the District Court sentenced him to 75 months imprisonment on each of the informations, with the sentences to run concurrently.

Dixon appealed and, as relevant here, he and the government agreed that the District Court erred when, at his Rule 11 proceeding, it informed him of the 20 year statutory maximum he faced on each information. We agreed, as well, that that advice was incorrect, and determined that Dixon faced only 5 years on each information. We concluded, however, that the error did not affect his substantial rights and that, even if we

2

assumed that it did, it did not seriously affect the "fairness, integrity or public reputation of judicial proceedings." United States v. Dixon, 308 F.3d 229, 235-36 (3d Cir. 2002) (quotations omitted).

We went further, however, and found that "the Government has identified an additional issue that defense counsel has not raised, but which requires us to remand this case to correct Dixon's sentence." Id. at 236. That issue, i.e. the 75-month concurrent sentences exceeded the 5 year statutory maximum applicable to each information, prompted our order of remand. That order, however, was very specific and extremely narrow. As we stated in our opinion, "we must remand this case for the sole, limited purpose of permitting the District Court to resentence Dixon in accordance with the applicable statute as well as with the applicable Guideline provisions. In any case, the sentence should not exceed the total of 75 months to which Dixon was first sentenced." Id. And, again, "we REMAND . . . for the limited purpose of correcting the judgment of sentence . . . ." Id. The Judgment itself stated that we were remanding "for the sole and limited purpose of correcting the sentence by resentencing Defendant to a total term of imprisonment of no more than 75 months . . . ." DA115-16.

Our mandate to the District Court, then, was, to use our word, extraordinarily "limited," and we meant what we said. Nonetheless, at the resentencing hearing on January 16, 2003, Dixon moved for a downward departure to sixty months based on, inter alia, the government's "manipulation" of charging "multiplicitous informations," i.e. "the

3

two informations . . . covered the exact same conduct and the exact same criminal violations." DA122. Counsel conceded that that argument could have been made at the initial sentencing, but that there was no need to do so at that time. DA125. Counsel also sought a downward departure because of the disparate sentences he and a co-defendant received, a spurious claim given that, for starters, the co-defendant had been the beneficiary of a 5K1.1 letter, had not been given the four-level increase in his offense level Dixon had been given for being an "organizer or leader" under USSG § 3B1.1, and there was, as the District Court put it, a "rather stark difference" in their criminal history categories. Finally, counsel asked the Court to reconsider the issue of Dixon's leadership role.

The District Court found that neither the motion for a downward departure nor the motion for reconsideration was within the parameters of our order of remand. As the Court stated it at one point, "the language of the remand is straight forward and unequivocal . . . ." DA129. The Court noted, however, that if any of the arguments made in support of the motions were properly before it, it would reject them on the merits.

The District Court resentenced Dixon to a total of 75 months imprisonment, 60 months on the one information and 15 months, consecutive, on the second, and Dixon appealed. Five days later, he moved under what is now F.R.Crim.P. 35(a) to "correct" his sentence of consecutive sentences, an argument the District Court found to be "new" and

4

"therefore outside the limited scope of the Third Circuit's remand . . . ." DA2.[1] The District Court denied the motion, and Dixon again appealed.

Dixon complains, in Point I of his brief to us, that "The District Court Improperly Limited The Scope of The Issues on Remand" and, in Point II, that the District Court should have found that "The Consecutive Sentences Imposed on Dixon Constituted Double Jeopardy," requiring a resentence of 60 months. We disagree with his argument in Point I and thus need not reach his argument in Point II.[2]

It is crystal clear that the District Court did not improperly limit the issues on remand but, rather, that <u>we</u> did, and that we limited remand to one issue and one issue only – the "correction" of Dixon's sentence.[3] The District Court fully understood our mandate and acted in compliance with that mandate, resentencing Dixon to the 75-month term of imprisonment we explicitly authorized it to impose. The District Court was

---

[1]The District Court went on to conclude that, in any event, the informations "set forth two facially valid, separate, independent conspiracies," and that consecutive sentences do not violate the Double Jeopardy Clause where, as here, the sentences were "imposed for arguably overlapping, but separate, conspiracy offenses, each having elements not contained in the other offense." DA3.

[2]We note, albeit in passing, that at the resentencing hearing, Dixon sought a downward departure. If he characterized the issue on appeal as the failure to grant a "downward departure," instead of presenting it in Double Jeopardy clothing, we would lack jurisdiction over the appeal. See <u>United States v. Georgiadis</u>, 933 F.2d 1219, 1222 (3d Cir. 1991); <u>United States v. Denardi</u>, 892 F.2d 269, 272 (3d Cir. 1989).

[3]We find it surprising that the government has seen fit to bury in a footnote at page 21 of its 29 page brief the dispositive issue here and the issue on which the District Court relied, <u>i.e.</u> the scope of the remand.

required to "implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." United States v. Kikumura, 947 F.2d 72, 76 (3d Cir. 1991) (quoting Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir. 1985)). It did so here. We will affirm.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

    /s/ Maryanne Trump Barry
Circuit Judge