**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

YU KIKUMURA,

        Petitioner-Appellant,

v.

ROBERT A. HOOD, Warden of the
USP ADX; C. CHESTER, Associate
Warden of the USP ADX,

        Respondents-Appellees.

No. 06-1110

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 05-cv-594-LTB-CBS)**

---

Submitted on the briefs:[*]

Yu Kikumura, Pro Se.

William J. Leone, United States Attorney, John M. Hutchins, Assistant United
States Attorney, Denver, Colorado, for Respondents-Appellees.

---

Before **HENRY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

**PER CURIAM**.

Petitioner Yu Kikumura, a federal prisoner proceeding pro se, appeals from the district court's judgment denying his application for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) and affirm.

Mr. Kikumura, a former member of the now-defunct terrorist group called the Japanese Red Army, was convicted on November 28, 1988, "of numerous counts of interstate transportation of explosive devices and passport offenses" and was sentenced to a 262-month sentence. *United States v. Kikumura*, 947 F.2d 72, 73-75 (3d Cir. 1991). He is presently serving that sentence at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the method by which the Bureau of Prisons (BOP) calculates and awards good conduct time (GCT). Under the BOP's method, Kikumura's release date would be April 18, 2007. Employing the method Kikumura advocates, he would be released from prison on November 17, 2006, as he is a model prisoner and has received the maximum amount of GCT that he could earn. Adopting the findings of fact and recommendation of the magistrate judge over Mr. Kikumura's objections, the district court denied the application and dismissed the action. The court also denied a number of Mr. Kikumura's requests for post-judgment relief. This appeal followed.

"In evaluating the district court's denial of a habeas corpus petition, we review legal conclusions de novo and factual findings for clear error." *Beem v. McKune*, 317 F.3d 1175, 1179 (10th Cir. 2003) (en banc). Because Mr. Kikumura appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Although Mr. Kikumura presents seven issues for review, they can be reduced to one: whether the BOP's method of calculating GCT is contrary to the governing statute, 18 U.S.C. § 3624(b)(1). Section 3624(b)(1) provides that for exemplary conduct, a prisoner "may receive credit toward the service of the prisoner's sentence, beyond time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment." Kikumura argues that "term of imprisonment" in § 3624(b)(1) means the sentence imposed and that he is therefore entitled to 54 days of GCT for each year of the sentence imposed, assuming exemplary conduct. The BOP, however, interprets "term of imprisonment" to mean time served and awards "54 days credit toward service of sentence (good conduct time credit) for each year served." 28 C.F.R. § 523.20(a). In Kikumura's estimation, the BOP's interpretation is contrary to the statute, congressional intent, and legislative history. He also argues that the rule of lenity should be applied in his favor.

After briefing was completed in the present appeal, this court issued its opinion in *Wright v. Federal Bureau of Prisons*, 451 F.3d 1231 (10th Cir. 2006), *reh'g en banc denied* (10th Cir. Sept. 6, 2006) (No. 05-1383). In *Wright*, this circuit joined many other circuits in holding that § 3624(b)(1) is ambiguous as to the meaning of "term of imprisonment," *id.* at 1235, but that the BOP's "time served" interpretation of the statute is "clearly a reasonable one," *id.* at 1236. The court considered congressional intent and legislative history, *id.* at 1234-35, and rejected application of the rule of lenity, *id.* at 1236. Thus, *Wright* directly forecloses all of Kikumura's arguments except his contention that the method by which the BOP calculates GCT for a partial or final year violates the statute.

Although the partial-year method was not directly at issue in *Wright*, we find *Wright* to be controlling. The BOP's method for calculating GCT for a partial year is based on the following statutory language: "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." 18 U.S.C. § 3624(b)(1). The relevant regulation provides that GCT "is prorated when the time served by the inmate for the sentence during the year is less than a full year." 28 C.F.R. § 523.20(a). Program Statement 5880.28 of the BOP's Sentence Computation Manual provides a formula for making the pro rata determination by which the BOP awards .148 days of GCT for each day actually served during the last or partial year (the "Eight-Step" formula). The .148 figure is derived by dividing the maximum

-4-

amount of GCT a prisoner exhibiting exemplary conduct could earn in a year if the prisoner served a full year, 54 days, by 365 days per year, which can also be expressed as the fraction 54/365.

Kikumura's argument on this issue is difficult to follow, but his contention appears to be that the Eight Step formula is a "'sentence imposed' proration with unlawfully degraded rate" of 54/419 (or .129), Aplt. Opening Br. at 53, which he appears to derive from the fact that a prisoner sentenced to 419 days (or one who has 419 days remaining on a longer sentence, counting from the date on which the BOP makes the prisoner's penultimate award of GCT) and who exhibits exemplary conduct would serve 365 days, thereby earning the maximum 54 days of GCT and release after the 365th day (365 days served + 54 days GCT = 419-day sentence). Kikumura apparently views this as earning 54 days of GCT on a sentence of 419 days, or .129 days of GCT per day imposed (or remaining), which is less than the ordinary .148 days of GCT awarded for each day served.

*Wright* does not address partial-year calculations specifically, but its holding that "time served" is a permissible basis for awarding GCT under the statute undermines Kikumura's argument. The pro rata determination is not based on the sentence imposed (or remaining) and the rate is not "degraded" because a prisoner who actually serves 365 days of a 419-day sentence receives .148 days of GCT for each of those days (i.e., "time served"), or 54 days of GCT (365 x .148 = 54), to make up the rest of the 419 days. The same holds true for a prisoner

during the last year or portion of a year of a sentence:  he or she receives .148 days GCT for each day served, which, when added to the number of days served, equals the time remaining.  *See generally White v. Scibana*, 390 F.3d 997, 1000 (7th Cir. 2004) (discussing partial-year calculation), *cert. denied sub nom. White v. Hobart*, 125 S. Ct. 2921, 2922 (2005); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1267-68 (9th Cir. 2001) (same).  This interpretation accords with *Wright*.

Kikumura also contends that the Eight-Step formula is so complicated that it is arbitrary, capricious, and contrary to § 3624(b)(1).  While we might agree with him that the formula is complicated, he cites to no case law, and we have found none, indicating that complexity is a factor in determining whether an agency regulation is a permissible interpretation of a statute.  In any event, Program Statement 5880.28 provides a chart from which a prisoner can look up how many days remain on his sentence.  From there, the chart shows the proper combination of days served and pro-rated GCT that, when added together, equal the days remaining, assuming exemplary conduct.  The result is always .148 days of GCT for each day actually served, taking into account the BOP's method of rounding the fractions.  Because the result is readily available from the chart, the calculation is not "deceptive, fraudulent, keeping the prisoners, courts and public from deciphering its unlawful substance," as Kikumura argues, Aplt. Opening Br. at 52.  It is based on time served, which is proper under *Wright*.

Kikumura also makes an argument involving the BOP's rule precluding an award of GCT for any days spent serving time for which GCT has been disallowed during the final or partial year, which he designates as the "1-52 Rule" because it appears on page 1-52 of Program Statement 5880.28. *See* Aplt. Opening Br. at 20-24. But even affording the leeway to which Mr. Kikumura is entitled as a pro se litigant, we are unable to discern anything in this nearly incomprehensible argument that calls *Wright* or the BOP's final or partial-year GCT calculation into question. Furthermore, Mr. Kikumura has alleged that he is a model prisoner and has never had any GCT disallowed. Therefore, his argument, whatever its point may be, appears premature.

The judgment of the district court is AFFIRMED. Mr. Kikumura's motion for a preliminary injunction is denied.