OPINION OF THE COURT
RENDELL, Circuit Judge.
Appellants Rakim Baskerville[1] and Hakeem Curry[2] were tried as co-defendants on charges relating to an alleged drug conspiracy. Both were convicted of conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. Curry was also convicted of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and nine counts of money laundering in violation of 18 U.S.C. § 1956(a)(l)(B)(i). Both Curry and Baskerville appeal their convictions. We have jurisdiction pursuant to 28 U.S.C. § 1291.
Curry argues that the District Court violated his Sixth Amendment right to counsel by denying his request for a continuance in order to replace a member of his defense team. This Court reviews a District Court’s denial of a continuance for abuse of discretion. United States v. Kikumura, 947 F.2d 72, 78 (3d Cir.1991). In determining whether to grant a continuance, a court should consider: “the efficient administration of criminal justice; the accused’s rights, including an adequate opportunity to prepare a defense; and the rights of other defendants awaiting trial who may be prejudiced by a continuance.” Id. This Court will only vacate a conviction based on a refusal to grant a continuance if the denial was arbitrary and substantially impaired the defendant’s opportunity to receive a fair trial. United States v. Olfano, 503 F.3d 240, 246 (3d Cir.2007). Here, it is clear from the District Court’s twenty-one page opinion, which thoroughly balanced numerous factors, that the denial of a continuance was neither arbitrary nor prejudicial.
Curry requested a fourth continuance so that he could replace Vincent Nuzzi, a member of his defense team, who with *178 drew due to a conflict of interest. Nuzzi notified the Court of the conflict only a week before trial. Nuzzi purportedly discovered the conflict after listening to tapes of wiretapped recordings that the Government had produced two years earlier, and which the Court had instructed counsel to review carefully a year before trial. In denying the request for a continuance, the Court carefully weighed various factors, including: 1) the length of the delay that defendant requested; 2) the actual length of delay that would be needed for a third attorney to familiarize himself with the complexity of the case and the two-year history of pretrial proceedings; 3) whether the Court had granted other continuances; 4) inconvenience to the other litigants, witnesses, counsel and the court; 5) efficient judicial administration; 6) whether there had been veiled attempts to delay the trial; 7) whether defendant had counsel who were highly knowledgeable of his case; 8) whether there would be a Sixth Amendment violation if the trial proceeded with two attorneys who defendant retained rather than delaying the requisite time for a third attorney to get “up to speed”; 9) the complexity of the case; and other factors unique to this case.
In discussing these factors, the Court noted that Curry still retained James Plaisted and Lin Solomon, and that Plaist-ed had acted as lead counsel for over two years, while Nuzzi had been absent trying a different case. The Court further recognized that Plaisted and Solomon had written hundreds of pages of motions, scrutinized all of the evidence that the Government produced and demonstrated an extraordinary command of every aspect of the case. In addition, the Court stressed that Curry never demonstrated any dissatisfaction with Plaisted and Solomon, but that Curry stated that he did not want Plaisted to do “all” of the trial by himself. Given these facts and the nine months that the District Court estimated it would take for a new lawyer to get up to speed in the case, we find that the District Court’s decision to only grant a limited continuance to allow Plaisted and Solomon to prepare for opening statements was neither arbitrary nor prejudicial.
Both Curry and Baskerville argue that the District Court erred in refusing to hold a taint hearing regarding evidence that the Government derived from calls that were not properly sealed and that were intercepted after the wiretapping order expired. This Court reviews the denial of a taint hearing for abuse of discretion. United States v. Bissell, 634 F.2d 1228, 1232-33 (9th Cir.1980).
The Government produced and identified evidence that it admittedly collected outside the scope of its warrants (“Unused Calls”). It brought the error to the attention of the District Court, stated that it would not use any of the Unused Calls for any purpose, and was ordered by the District Court not to use any of the Unused Calls. The Government also explained that it did not use any evidence from the Unused Calls during its investigation. Although the Government has the ultimate burden of proof to demonstrate that its evidence is untainted, the defendant “has the initial burden of establishing a factual nexus between the illegality and the challenged evidence.” United States v. Kandik, 633 F.2d 1334, 1335 (9th Cir.1980).
The Government produced all of the Unused Calls, the affidavits that it submitted in support of wiretapping applications and search/arrest warrants and its trial exhibits, yet the Appellants point to no specific evidence that they believe was tainted. Rather, they claim that an evidentiary hearing was necessary to review all of the Government’s evidence to ensure that none of it was tainted. Such a request is parallel to that in Kandik, in which the Court of *179 Appeals for the Ninth Circuit held that, “[i]n the instant case, the illegally seized evidence is known to all parties, and any connection between it and the challenged testimony would be readily traceable. A hearing in this case is unnecessary, and would not help Kandik establish the taint.” Kandik, 633 F.2d at 1336. Similarly, in United States v. Williams, 580 F.2d 578, 586-87 (D.C.Cir.1978), the court denied an evidentiary hearing because the appellants did not point to any taint from the illegal wiretap. The court noted that “aside from the general assertion that some information sources may have been developed through the use of the prior illegal wiretaps, appellants have based no arguments specifically on the transcripts in their possession.” Williams, 580 F.2d at 587 n. 48. The court found this failure sufficient to deny an evidentiary hearing.
Here, as noted, the Defendants possessed all of the evidence that the Government obtained illegally, but they never objected to any specific evidence as tainted and failed to identify any evidence as tainted in their briefs. Thus, we find that the District Court did not abuse its discretion in denying a taint hearing after the Government identified the Unused Calls and assured the Court that no evidence derived from those calls was to be used at trial.
Curry and Baskerville raise several other issues on appeal. Curry argues that the District Court erred in allowing the government to impeach a defense witness and in declining to permit redirect examination of a defense witness. Baskerville argues that there was insufficient evidence to establish his involvement in a conspiracy, and that the District Court erred by joining him with the other defendants, denying his motion for a Rule 14 severance, failing to grant a mid-trial severance sua sponte, and denying an evidentiary hearing regarding the evidence seized from his house and his minivan. Baskerville further argues that the Government engaged in prosecutorial misconduct. Both Curry and Baskerville also argue that the District Court erred by admitting evidence of uncharged drug dealing prior to the date specified in the indictment. We have reviewed the record and conclude that none of these additional arguments have merit.
Accordingly, we will AFFIRM the Orders of the District Court.

. Footnote 2, page 8, of Appellant Baslter-ville's Brief states that the correct spelling of his first name is "Rakeem,'' but that he has used the spelling "Rakim” for consistency with the trial court record; accordingly, we have adopted this spelling herein.

. Footnote 2, page 11, of Appellant Curry’s Brief states that the correct spelling of his last name is "Currie,” but that he has used the spelling “Curry” for consistency with the trial court record; accordingly, we have adopted this spelling herein.