

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2008

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4084

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. White" (2008). *2008 Decisions*. Paper 225.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/225

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-4084

———

UNITED STATES OF AMERICA

v.

ANTHONY JEROME WHITE,

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 06-cr-00266)
District Judge:  Hon. Sylvia H. Rambo

———

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2008

Before: MCKEE and NYGAARD, and MICHEL,[*] Circuit Judges.


(Filed: November 17, 2008)

———

OPINION OF THE COURT

———

———

[*]  The Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the
Federal Circuit, sitting by designation.

MICHEL, Chief Circuit Judge.

This appeal arises out of the conviction of Anthony Jerome White for a series of offenses related to possession and use of a firearm, and possession and distribution of marijuana and cocaine. On appeal, White argues that the District Court reversibly erred in (1) denying his "Motion for Disqualification of Counsel" without conducting a hearing; and (2) denying his purported request for a continuance on the eve of trial. Because the District Court did not abuse its discretion in either ruling, we affirm.

I.

On August 2, 2006, a grand jury returned a four-count indictment charging White with firearm and drug related offenses. Represented by court-appoint public defender, White pled not guilty. At White's request, jury selection and trial, first scheduled for November 6, 2006, were continued to December 18, 2006, then to February 5, 2007, March 5, 2007, and April 2, 2007.

On March 28, 2007, the grand jury returned a five-count superseding indictment, adding "possession of firearms by an illegal alien" to the original four charges. On the next day, White's public defender withdrew due to a conflict of interest and a new trial counsel from the private bar was appointed. White pled not guilty to the superseding indictment. Jury selection and trial were then continued to May 7, 2007 and at White's request, continued again to July 10, 2007. On May 23, 2007, White waived his right to a jury trial and elected a bench trial. Trial remained scheduled for July 10, 2007.

2

On July 3, 2007, White, acting pro se, filed a "Motion for Disqualification of Counsel," alleging ineffective assistance by his court-appointed counsel. At the court's request, counsel responded to the allegation via a letter. On July 9, 2007, the court denied White's motion.

On July 10, 2007, at the onset of the bench trial, White again expressed his dissatisfaction with counsel. He stated that "I don't have no time to deal with him because we [are] not on good terms. There's no way I can proceed in this matter." After further inquiring into the matter, the court proceeded with the scheduled trial without discharging counsel. The trial last for two days. On July 24, 2007, the District Court issued a memorandum opinion setting forth its findings of fact and conclusions of law, finding White guilty of all counts of the superseding indictment. On October 17, 2007, the court sentenced White to imprisonment for an aggregate term of 420 months.

II.

On appeal, White argues that the District Court erred in (1) denying his "Motion for Disqualification of Counsel" without conducting a hearing; and (2) denying his supposal request for a continuance on the eve of trial.

The decision whether to delay trial to permit a substitution of counsel rests with the sound discretion of the trial court. United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995). Similarly, we must determine whether the District Court abused its discretion in denying a request for a continuance. Id. at 1097. See also Paullet v. Howard, 634 F.2d

3

117, 119 (3d Cir. 1980) ("An application for a continuance is addressed to the sound discretion of the trial judge even when a denial has the effect of depriving a defendant of counsel of his choice." ).

## 1.

White argues that the District Court abused its discretion in failing to conduct a hearing pursuant to United States v. Welty, 674 F.2d 185 (3d Cir. 1982) before ruling on the motion . We find this argument not persuasive. In Welty, "just before the jury was to be selected for his trial, [the defendant] requested an opportunity to secure his own counsel, or in the alternative, to represent himself." Id. at 187. The trial judge did not know and did not inquire into the grounds on which the defendant sought the substitution of counsel. Id. at 189. Instead, he indicated his belief that the motion was merely a tactic to delay the trial and denied the defendant's request to obtain substitute counsel. Id. at 190.

We held that "[w]here, on the eve of trial, a defendant seeks new counsel, … the District Court must decide if the reasons for the defendant's request for substitute counsel constitute good cause and are thus sufficiently substantial to justify a continuance of the trial in order to allow new counsel to be obtained." Id. at 187. Specifically, "the District Court must engage in at least some inquiry as to the reason for the defendant's dissatisfaction with his existing attorney." Id. We further clarified that the court had "a duty to inquire into the basis for the client's objection to counsel" only if no reasons were

4

stated; "[i]f the reasons are made known to the court, the court may rule without more."

Id. at 188 (quoting Brown v. United States, 264 F.2d 363, 369 (D.C. Cir. 1959) (en banc) (Burger, J., concurring in part)). The case before us falls within the latter category.

White filed a pro se motion a week before the scheduled trial to disqualify his court-appointed counsel. White complained that counsel declined to file motions requested by White; that counsel attempted to persuade White to accept a proposed plea agreement; and that counsel failed to interview prospective witnesses in a manner that would elicit testimony favorable to White. In sum, White alleged that he was given "ineffective counseling." He stated that he knew counsel's behavior "show[ed] lack of manners, [and was] aggressive, [and] insufficient" because he had "been given counseling in [his] past and [he knew] where and if [he was] being treated with equal rights and respect." He also claimed that he was "confuse[d] as to the new charges." Therefore, the District Court properly ruled without a hearing because it already knew White's purported reasons to disqualify counsel which were set forth in his motion.

In addition, the District Court requested that White's counsel respond to White's allegation. In a letter to the court, counsel recounted that during his first interview with White, which "lasted for less than two minutes," White insisted that counsel "had to have the weapons charges dropped or he would not cooperate;" that counsel "addressed at least four letters to Mr. White, which were returned [] as having been refused by the recipient;" that counsel requested prior counsel to "meet as an emissary with Mr. White" to

5

determine what White's complaint was but White refused to meet with prior counsel; and that White insisted that "motions" be filed even though counsel and prior counsel both agreed that there were no appropriate motions.

White nevertheless insists that the District Court should have conducted a hearing before ruling on the motion to disqualify. We find this argument baseless. Indeed, in Welty, we recognized that the inquiry into reasons for the defendant's dissatisfaction with counsel "must be pursued delicately" and that the sole purpose of such an inquiry was to determine whether the reasons constituted good cause for substitution of counsel. Welty, 674 F.2d at 190. Here, the District Court denied the motion after reviewing the written statements from both sides and decided that the reasons White alleged did not amount to good cause for disqualification of counsel. We review that determination for abuse of discretion and find none.

In our view, the District Court in this case did more than was required for a meaningful inquiry into White's reasons for seeking to disqualify counsel. The District Court denied the motion based not only on written statements, but at the outset of the trial, the District Court gave White further opportunity to clarify his dissatisfaction with counsel. After inquiring further into the details of White's complaints, the court confirmed its decision not to disqualify counsel and proceeded with the scheduled trial. Accordingly, we hold that the District Court did not abuse its discretion in denying the motion to disqualify counsel. The denial was proper despite no separate hearing in view

of the insufficient reasons stated by Whtie and the explanations of his counsel.

2.

White also argues that the District Court erred in failing to appoint him new counsel. We first note that White neither sought the appointment of substitute counsel nor expressed a desire to represent himself in his motion to disqualify counsel or at any other point. We will, nevertheless, address his argument.

Although the Sixth Amendment guarantees the right to appointed counsel where, as here, the defendant is indigent, that right is "not without limit and cannot be the justification for … manipulation of the appointment system." Fischetti v. Johnson, 384 F.3d 140, 145 (3d Cir. 2004) (citing United States v. McFadden, 630 F.2d 963, 972 (3d Cir. 1980)). We have previously held that if a defendant seeks new counsel on the eve of trial, "the District Court must decide if the reasons for the defendant's request for substitute counsel constitute good cause . . . ." Welty, 674 F.2d at 187. Where the District Court denied the request to substitute counsel and the defendant proceeded with unwanted counsel, this court will not find a Sixth Amendment violation unless the District Court's "good cause" determination was clearly erroneous or the District Court made no inquiry into the reason for defendant's request to substitute counsel. Goldberg, 67 F.3d at 1098.

In this case, White decided to proceed with court-appointed counsel. As discussed above, the District Court twice explored and well knew White's reasons for his motion to

7

disqualify counsel and was not obligated to make yet further inquiry. We need only decide then whether the District Court's "good cause" determination is clearly erroneous. White argues that there was a complete breakdown in communications between himself and counsel. However, any breakdown in the attorney-client relationship was due to White's "unilateral decision not to cooperate with court-appointed counsel [,which] does not constitute good cause." United States v. Gibbs, 190 F.3d 188, 207 n.10 (3d Cir. 1999) (citation omitted). As it is amply supported by the record, the District Court's "good cause" determination is certainly not clearly erroneous. White's other arguments are equally unpersuasive. Therefore, we find that the District Court did not err in declining to appoint new counsel.

3.

White also argues that, independent of the denial of the motion to disqualify counsel, the District Court also erred in denying White's request for a continuance. We first observe that besides the continuance associated with the motion to disqualify and substitute counsel, White did not separately request a further continuance. Instead, according to the trial transcript, White merely claimed that:

> I haven't had any time to prepare my case and anything. I have no discovery filed in my case or Jencks material or nothing pertaining to his case other than, I don't have no time to deal with him because we not on good terms. There's no way I can proceed in this matter.

On appeal, White asserts that this statement amounts to a request of a continuance and that the District Court abused its discretion in denying the request. We disagree.

First, the question was not whether White was prepared to represent himself at trial, but whether counsel was prepared. With White's motion to disqualify counsel denied, only counsel had the authority to seek a continuance and counsel did not do so. Therefore, there was no proper request for a continuance.

Even if White's statement at the outset of trial were considered a proper request for a continuance, we still find no abuse of discretion by the District Court in not continuing the trial. We have previously stated that:

> In determining if a continuance should be granted, a court should consider: the efficient administration of criminal justice; the accused's rights, including an adequate opportunity to prepare a defense; and the rights of other defendants awaiting trial who may be prejudiced by a continuance. Thus a court, considering all of the facts of a particular case, may refuse to grant a continuance even if to do so results in the deprivation of defendant's chosen counsel. While it is desirable that a defendant be represented by the counsel of his choice, that goal is sometimes outweighed by the equally desirable public need for the efficient and effective administration of criminal justice.

United States v. Kikumura, 947 F.2d 72, 78-79 (3d Cir. 1991) (internal quotation marks and citations omitted).

In this case, the alleged continuance, had it been granted, would have been the seventh continuance of the trial. But White acknowledges that he knew the trial would not be "a long or complex one." Yet, it had been pending before the District Court for

9

almost a year.  Considering efficient administration of criminal justice, the scale tips heavily against yet another continuance.

In addition, White concedes that even after the trial, "there is no evidence of record at this time to show ineffectiveness" of counsel's assistance.  Indeed, the trial transcript demonstrates that counsel was prepared for trial: he made numerous objections, appropriately cross-examined key government witnesses, and in his closing argument, attacked the relative paucity of certain evidence offered by the government.  Because on this recored, White was not prejudiced in his defense,  we hold that the District Court did not err in denying a continuance.

### III.

For the reasons set forth above, we will affirm the judgment of conviction.