**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2648
_____

UNITED STATES OF AMERICA

v.

ANTHONY JEROME WHITE,
a/k/a Dean Braithwaite,
a/k/a Carlos Valentine,
a/k/a Anthony Brown

Anthony J. White,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-06-cr-00266-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2016

Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 16, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Anthony White appeals from an order of the United States District Court for the Middle District of Pennsylvania denying his motion filed under 18 U.S.C. § 3582(c)(2). We will affirm.

Following a 2007 non-jury trial in the Middle District of Pennsylvania, White was convicted of possession with intent to distribute marijuana and crack cocaine (21 U.S.C. § 841), in addition to several firearm charges, and sentenced to 420 months in prison. The District Court determined that White qualified as an Armed Career Criminal under § 4B1.4 of the United States Sentencing Guidelines, and employed the career offender table at § 4B1.1 in determining his base offense level and sentence. We affirmed the judgment of conviction.[1] United States v. White, 320 F. App'x 120, 125 (3d Cir. 2008).

White filed the instant § 3582(c)(2) motion on October 28, 2014, seeking a sentence reduction based on the United States Sentencing Commission's amendment of the Drug Quantity Table in 2014 – Amendment 782 – which reduces by two levels the base offense levels in the Drug Quantity Table at § 2D1.1 of the Sentencing Guidelines. The District Court appointed the Federal Public Defender's Office to represent White in connection with this motion, and then permitted that office to withdraw after it indicated

_____

[1] White subsequently filed a § 2255 motion, which the District Court denied. White then filed an application under 28 U.S.C. § 2244, seeking our permission to file a successive § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015). On June 29, 2016, at C.A. No. 16-2131, we granted White's application and transferred it to the Middle District of Pennsylvania, where it remains pending.

to the Court that White's motion was meritless.[2]  The District Court subsequently denied White's motion on May 11, 2016, and this timely appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's denial of relief under 18 U.S.C. § 3582(c)(2).  United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012).  Under § 3582(c)(2), a court may modify a defendant's term of imprisonment if it was "based on a sentencing guideline range that has subsequently been lowered by the Sentencing Commission."  But if the revised offense guidelines do not have the "effect of lowering the defendant's applicable guideline range," a sentencing reduction is not warranted.  U.S.S.G. § 1B1.10(a)(2)(B).  The District Court here calculated White's Guidelines range under the career offender table at § 4B1.1, which is unaffected by Amendment 782.  Accordingly, he is not entitled to relief under § 3582(c)(2).  See, e.g., United States v. Mateo, 560 F.3d 152, 154-55 (3d Cir. 2009) (holding that a retroactive reduction in the Guidelines' cocaine base offense levels does not entitle a defendant to a sentence reduction when his sentencing range was based on the alternative career offender offense level).  We will affirm the order of the District Court.

---

[2] The Federal Public Defender indicated that "Mr. White's guideline range was set pursuant to §4B1.1 (Career Offender).  Amendment 782 lowered base offenses for prisoners whose guidelines were set under the Drug Quantity Table of §2D1.1(c) . . . Amendment 782 does not affect §4B1.1."