NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4219
_____

UNITED STATES OF AMERICA

v.

ANTHONY JEROME WHITE, a/k/a Dean Braithwaite,
a/k/a Carlos Valentine, a/k/a Anthony Brown

Anthony Jerome White,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-06-cr-266-01)
District Judge:  Hon. Sylvia H. Rambo
_____

Argued
September 14, 2017

Before:  CHAGARES, JORDAN, and NYGAARD, *Circuit Judges.*

(Filed: September 7, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Frederick W. Ulrich   [ARGUED]
Office of Federal Public Defender
100 Chestnut Street – Ste. 306
Harrisburg, PA 17101
        *Counsel for Appellant*

Carlo D. Marchioli   [ARGUED]
Kate L. Mershimer
United States Attorney's Office
228 Walnut Street, Room 220
Harrisburg, PA 17108
        *Counsel for Appellee*

JORDAN, *Circuit Judge*.

Anthony White appeals the District Court's denial of his motion to correct sentence filed pursuant to 28 U.S.C. § 2255.  For the reasons that follow, we will affirm.

## I.     Background

On March 15, 2006, police and probation officers conducted a search for White, who was wanted for a parole violation.  After a brief chase, police apprehended him and found crack cocaine along his flight path.  As a result of that encounter, a grand jury indicted White on five counts related to drugs and firearms.  At a bench trial, White was found guilty on all counts and the District Court sentenced him for Count 1 under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had three predicate ACCA convictions, namely, two serious drug offenses and a violent felony.  But the Court did not specify whether it considered White's prior Pennsylvania conviction for aggravated assault with a deadly weapon to be a "violent felony" under the

2

"elements" clause of the ACCA or under its now-unconstitutional "residual" clause.[1]

Ultimately, the Court imposed a 360-month term of imprisonment for Counts 1, 3, and 4; a concurrent 120-month term for Count 5; and a consecutive 60-month term for Count 2.[2]

White appealed the Court's judgment of conviction, which we affirmed. *United States v. White,* 320 F. App'x 120 (3d Cir. 2008). He did not appeal his sentence.

Later, White filed his first § 2255 motion alleging trial errors by the District Court and ineffective assistance of counsel. He again did not challenge his sentence. The Court denied his petition.

White then filed a flurry of motions. The Court deemed two such filings to be § 2255 motions, one based on recent changes to the Sentencing Guidelines and the other based on ineffective assistance of counsel regarding a possible plea. The Court denied both.[3]

---

[1] As noted herein, the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidated the ACCA's residual clause as being unconstitutionally vague.

[2] The District Court found White guilty on all five counts: (1) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e); (2) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c); (3) conspiracy to possess with the intent to distribute, and distributing, crack cocaine and marijuana, in violation of 21 U.S.C. § 846; (4) possession with intent to distribute, and distributing, 50 grams or more of crack cocaine and an unspecified amount of marijuana, in violation of 21 U.S.C. § 841(a)(1); and (5) possession of a firearm while in the United States as an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A) and (B).

[3] The Court denied White's second § 2255 motion, as the changes to the Sentencing Guidelines were effective during the pendency of his first § 2255 motion and, in any case, would not have affected White's criminal history score and not led to relief. The Court denied White's third § 2255 motion because he failed to obtain a certificate of appealability.

Following the Supreme Court's invalidation of the ACCA's residual clause as unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015), White filed another successive § 2255 motion, this one based on *Johnson*. We granted a certificate of appealability to allow that § 2255 motion because White had "made a prima facie showing that his proposed § 2255 motion contains a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." (App. at 77.) *See also Welch v. United States,* 136 S. Ct. 1257, 1268 (2016) (applying *Johnson* retroactively).

At the District Court, White argued that his prior Pennsylvania conviction for aggravated assault with a deadly weapon no longer qualified as a "violent felony" due to *Johnson*'s invalidation of the residual clause. The Court, however, denied White's most recent § 2255 motion based solely on the "concurrent sentence doctrine."[4] The District Court nevertheless granted White a certificate of appealability, and he has timely appealed.

## II.     Discussion[5]

---

[4] "Under the concurrent sentence doctrine, we have discretion to avoid resolution of legal issues affecting less than all of the counts in an indictment where at least one count will survive and the sentences on all counts are concurrent." *United States v. McKie,* 112 F.3d 626, 628 n.4 (3d Cir. 1997).

[5] We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We review legal determinations de novo. *United States v. Doe*, 810 F.3d 132, 142 (3d Cir. 2015). Our review of the gatekeeping requirements of § 2255(h) is de novo. *United States v. Peppers,* No. 17-1029, 2018 WL 3827213, at **5, 6 (3d Cir. Aug. 13, 2018). We exercise plenary review over the determination of whether White qualifies as an Armed Career Offender. *United States v. Chapman,* 866 F.3d 129, 131 (3d Cir. 2017).

4

There are two issues on appeal. First, the government argues that the District Court lacked jurisdiction to review White's successive § 2255 motion. Second, White argues that *Johnson*'s invalidation of the ACCA's residual clause may make him ineligible for enhanced sentencing under that statute, preventing application of the concurrent sentence doctrine. We conclude that that the District Court had jurisdiction to review White's successive § 2255 motion and that the Court properly sentenced White under the ACCA.

**A.    The District Court Had Jurisdiction to Review White's Successive § 2255 Motion.**

The government argues that the District Court lacked jurisdiction to review White's successive § 2255 motion because White did not establish that his enhanced sentence was based on the ACCA's residual clause. That argument, however, is foreclosed by our recent opinion in *United States v. Peppers,* --- F.3d ---, No. 17-1029, 2018 WL 3827213, (3d Cir. Aug. 8, 2018), in which we held that "the jurisdictional gatekeeping inquiry for second or successive § 2255 motions based on *Johnson* requires only that a defendant prove he *might have been sentenced* under the now-unconstitutional residual clause of the ACCA, not that he was in fact sentenced under that clause." *Id.* at *1 (emphasis added). Here, the District Court did not specify which clause was the basis for classifying White's aggravated assault conviction as a "violent felony." Accordingly, White has established that he might have been sentenced under the residual clause, and he has thus satisfied § 2255's jurisdictional gatekeeping requirement.

**B.    White's Conviction for Aggravated Assault with a Deadly Weapon Is a "Violent Felony" Under the ACCA's Elements Clause.**

5

White argues that *Johnson*'s invalidation of the ACCA's residual clause may make him ineligible for enhanced sentencing under that statute, preventing the application of the concurrent sentence doctrine. But recent precedent undermines that argument too. In *United States v. Ramos*, 892 F.3d 599 (3d Cir. 2018), we held that second degree aggravated assault with a deadly weapon, under Pennsylvania law, is categorically a crime of violence under the Sentencing Guidelines. *Id.* at 612. Our prior opinions have interpreted a "violent felony" under the ACCA and a "crime of violence" under the Sentencing Guidelines as interchangeable concepts. *See United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009) ("While the Court was not called upon to construe the career offender provision of the Sentencing Guidelines, the definition of a violent felony under the ACCA is sufficiently similar to the definition of a crime of violence under the Sentencing Guidelines that authority interpreting one is generally applied to the other"); *see also United States v. Wilson*, 880 F.3d 80, 83 (3d Cir.), *cert. denied*, 138 S. Ct. 2586 (2018) (concluding that "bank robbery by intimidation does indeed qualify as a 'crime of violence' under § 4B1.2(a)(1) or the nearly identically worded 'elements' clause of the ACCA"). Accordingly, White's conviction for aggravated assault was properly classified as a "violent felony," and the District Court rightly sentenced him under the ACCA.[6]

## III.  Conclusion

---

[6]  We may affirm the District Court on any grounds supported by the record. *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009).

For the foregoing reasons, we will affirm the District Court's denial of White's motion to correct his sentence under § 2255.