ALD-170                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1879
_____

UNITED STATES OF AMERICA

v.

ANTHONY JEROME WHITE, a/k/a Dean Braithwaite;
a/k/a Carlos Valentine; a/k/a Anthony Brown,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 1:06-cr-00266-001)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 15, 2024
Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: September 3, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Anthony Jerome White was convicted of gun and drug offenses following a bench trial. As an armed career criminal, see 18 U.S.C § 924(e), and a career offender, see U.S.S.G. § 4B1.1(a), White faced a life sentence. The District Court, though, imposed an aggregate prison term of 420 months. We affirmed the judgment of conviction on direct appeal. White's subsequent collateral attacks and motions for sentencing relief have been unsuccessful.

Pertinent here, White filed a motion for resentencing under § 404 the First Step Act of 2018, which retroactively reduced the sentencing exposure for some drug offenders. The District Court entered an order granting the motion, appointing counsel for White, and directing the parties to file sentencing memoranda.

White requested that he be resentenced to the mandatory minimum of 240 months. His memorandum emphasized: (1) his many educational achievements in prison; (2) that the Government filed an information under 21 U.S.C. § 851(a) designed to produce a mandatory life sentence, in response to White's refusal to plead guilty; and (3) a changing legal landscape, inclusive of Rehaif v. United States, 588 U.S. 225, 227 (2019) (holding that a conviction under 18 U.S.C. § 922(g) requires proof the defendant knew he belonged to a class of persons who are barred from possessing a firearm).[1] For its part, the Government observed that White's sentence remains in the Guidelines range even

---

[1] Some of the 'changes' described by White were merely speculative. See, e.g., DC ECF No. 223 at 13 ("Depending on the anticipated rulings from the Supreme Court . . ."); id. at 14 ("[D]epending on a potential ruling from the Supreme Court . . .").

2

without enhanced penalties pursuant to the § 851 information, and advocated that no reduction was warranted upon consideration of the factors under 18 U.S.C. § 3553(a)—factors the District Court had balanced at sentencing and, more recently, in denying White's motion for compassionate release. See United States v. White, C.A. No. 21-2326, 2022 WL 1208162, at *2 (3d Cir. Apr. 25, 2022) (per curiam).

> The District Court declined to reduce White's sentence, explaining:
>
> Without the enhanced penalties, White's Guidelines range is 360 months to life. As the Government correctly points out, White's current sentence would remain within the Guidelines range regardless of whether the § 851 enhancements apply.
>
> Moving to the 18 U.S.C. 3553(a) factors, the court continues to view the original 420 month [ ] sentence as appropriate. White's educational achievements while incarcerated are worthy of praise. He has obtained a GED, completed no less than thirty courses, and has obtained multiple certificates in college level courses. However, White's offense conduct was incredibly serious, the offenses were committed while he was on supervision, and he was convicted of three firearms-related offenses. He has served less than half of his sentence and has committed multiple disciplinary infractions while incarcerated. The court therefore views White as a continued danger to the community.

DC Op. 7 (internal citations omitted).

White appealed. We have jurisdiction under 28 U.S.C. § 1291. In reviewing the District Court's decision here, we employ the deferential abuse-of-discretion standard. See United States v. Brow, 62 F.4th 114, 118 (3d Cir. 2023); see also Concepcion v. United States, 597 U.S. 481, 501 (2022) ("The broad discretion that the First Step Act affords to district courts also counsels in favor of deferential appellate review. … Other than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching.") (internal citation omitted).

3

We acknowledge White's argument on appeal that the District Court made a slight miscalculation as to the number of years White has been in custody related to the offenses of conviction. Assuming White is correct about the miscalculation, whether he had served eighteen (or so) versus seventeen (or so) years was immaterial to the District Court's central point: that White still had a substantial amount of time left to serve on his 420-month sentence.

We also acknowledge White's argument that the District Court's § 404 analysis improperly relied on its earlier decision denying compassionate release. White mistakenly refers to this alleged error as "double jeopardy." In any event, the District Court's opinion did not cite or incorporate by reference its prior analysis, and instead reflects a fresh evaluation of the § 3553(a) factors. White's argument to the contrary is rejected.[2]

---

[2] Also unavailing is White's invocation of Amendment 821 to the Guidelines, which he did not cite in his sentencing memorandum. Cf. Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998), as amended (Sept. 8, 1998) ("As a general rule, we do not consider on appeal issues that were not raised before the district court in the absence of exceptional circumstances."). We note further that while White appears to have forfeited his Rehaif-related argument, the argument is without merit, regardless. White has never suggested he was unaware of his status as both a felon (§ 922(g)(1)) and a non-citizen unlawfully present in the United States (§ 922(g)(5)), so we fail to see why Rehaif is a significant, relevant development. See, e.g., Greer v. United States, 593 U.S. 503, 509–10 (2021) ("[N]either Greer nor Gary has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms. Therefore, Greer cannot show that, but for the Rehaif error in the jury instructions, there is a reasonable probability that a jury would have acquitted him."); DC ECF No. 64 at 10 (findings by the District Court that White, using the name "Dean Braithwaite," entered the United States from Jamaica in 1989, and was subject to an order of deportation issued in 1993).

Finally, White points to <u>Erlinger v. United States</u>, 144 S. Ct. 1840, 1852 (2024) (holding, in the context of a jury trial, that defendants are entitled to have jurors determine beyond a reasonable doubt whether predicate offenses were committed on different occasions for purposes of § 924(e) sentencing enhancements), a decision which postdates the District Court's § 404 ruling here. White's reliance on that decision is misplaced: he "waived his right to a jury trial and elected a bench trial," <u>United States v. White</u>, 320 F. App'x 120, 122 (3d Cir. 2008), so the District Court properly served as factfinder in all respects. A remand for the District Court to consider <u>Erlinger</u> would thus be futile.

For all of those reasons, the Government's timely motion for summary affirmance is appropriate and we grant it. <u>See</u> 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). The District Court's judgment will, as a consequence, be affirmed.