**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3855
_____

MICHAEL BEENICK, JR.,
                                        Appellant

v.

MICHAEL LEFEBVRE; LEE MANDICHAK-MCCONNELL;
WALLACE DITTSWORTH; JOHN WEAVERLING;
TAMMY FAGAN


_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:14-cv-01562)
District Judge: Hon. Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 16, 2017
_____

Before: GREENAWAY, JR., SHWARTZ, GREENBERG, Circuit Judges.

(Filed: April 11, 2017)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Beenick, Jr., sued Defendants Michael LeFebvre, Lee Mandichak-McConnell, Wallace Dittsworth, John Weaverling, and Tammy Fagan, five employees of the Pennsylvania Department of Corrections,[1] pursuant to 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights. The District Court dismissed Beenick's Fourteenth Amendment claim sua sponte and granted summary judgment in favor of Defendants on his Eighth Amendment claims. For the reasons set forth below, we will affirm.

## I

Beenick, an inmate at SCI-Benner Township, was assigned to work in the kitchen on July 13, 2013. His supervisor, defendant LeFebvre, directed him and other inmates to slice watermelons with an electric slicer. LeFebvre did not show the inmates how to use the slicer,[2] provide them with protective gear, or permit them to review the slicer's instruction manual. After attempting to use the slicer, Beenick informed LeFebvre that the slicer was not working because the watermelon was too slippery. Despite Beenick's concerns, LeFebvre instructed Beenick to continue trying to cut the watermelon with the

---

[1] Defendants LeFebvre and Mandichak-McConnell were employed as Food Service Instructors. Defendants Dittsworth and Weaverling were Food Service Managers. Defendant Fagan was the prison's Safety Manager and was responsible for making safety inspections, ensuring that staff received safety training, and making safety gear available to staff and inmates.

[2] Contrary to Beenick's account, LeFebvre maintains that he did show Beenick how to slice watermelon with the slicer. However, construing the facts in the light most favorable to Beenick, we assume that Beenick received no instruction regarding the slicer.

slicer. Beenick then tried to steady the watermelon with his hand, but his hand slipped from the watermelon into the blade. Beenick was taken to the hospital for surgery.[3]

Beenick filed this lawsuit in the United States District Court for the Middle District of Pennsylvania, raising five claims pursuant to § 1983: (1) violation of his Eighth and Fourteenth Amendment rights through a "state-created danger," against all Defendants; (2) violation of his Eighth Amendment rights through deliberate indifference to imminent harm and a failure to protect, against all Defendants; (3) violation of his Eighth Amendment rights through a failure to intervene, against Mandichak-McConnell; (4) violation of his Eighth Amendment rights through a failure to supervise, against Dittsworth, Weaverling, and Fagan; and (5) violation of his Eighth Amendment rights through acquiescence in unsafe work practices, against Dittsworth, Weaverling, and Fagan. The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that (1) Beenick's Fourteenth Amendment state-created danger claim be dismissed sua sponte because it was barred by the "more-specific-provision" rule, which forecloses a Fourteenth Amendment substantive due process claim where an Eighth Amendment claim is available, and (2) summary judgment be granted to Defendants on Beenick's Eighth Amendment claims because he failed to provide evidence demonstrating that Defendants were deliberately indifferent to a substantial risk of serious harm. The R&R also recommended that Beenick's cross-motion for partial

---

[3] Defendants Dittsworth, Weaverling, and Fagan were not working on the day of Beenick's injury. Defendant Mandichak-McConnell was working in the kitchen on the day of Beenick's injury but was not working in the "prep room" where Beenick was stationed. J.A. 287.

summary judgment be denied but provided no additional analysis of that motion. The

District Court overruled Beenick's objections to the R&R and adopted it in full. Beenick

appeals.

II[4]

A

The District Court sua sponte dismissed the first count of Beenick's amended

complaint, which alleged that Defendants violated his Eighth and Fourteenth Amendment

rights through a "state-created danger."[5] Although the count references both the Eighth

and Fourteenth Amendments, the District Court construed it as raising a Fourteenth

Amendment claim because the state-created danger theory applies specifically in the

---

[4] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

[5] The District Court dismissed this claim pursuant to provisions of the Prison Litigation Reform Act ("PLRA") which require a court to dismiss those portions of a complaint which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). The language in the PLRA dismissal provisions parallels the language of Federal Rule of Civil Procedure 12(b)(6), and we therefore apply the same plenary standard of review to sua sponte PLRA dismissals as dismissals under Rule 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103, 109-11 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Under that standard, we determine whether the complaint, construed "in the light most favorable to the plaintiff," Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (citation and internal quotation marks omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), "but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). "[A] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014) (citation and internal quotation marks omitted).

4

Fourteenth Amendment context where the state has created a danger that deprived the plaintiff of his right to substantive due process. Morrow v. Balaski, 719 F.3d 160, 177 (3d Cir. 2013) (en banc) (citation omitted). The District Court determined that dismissal was necessary because a Fourteenth Amendment substantive due process claim is foreclosed where a "more specific" Eighth Amendment claim is available.

Beenick argues that the District Court did not have the authority to sua sponte "re-screen" the claim at such a late stage of the litigation. As authority for its sua sponte dismissal, the District Court relied on two provisions of the Prison Litigation Reform Act: 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. Under § 1915A, a court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss any portion of the complaint which "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). Under § 1997e, a court similarly "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1).

Even if § 1915A cannot be used as a basis to re-screen a claim at the summary judgment stage because § 1915A applies only at the "initial stage of the litigation," § 1997e(c) is applicable throughout the litigation and provided the District Court with the authority to review the claim, regardless of the stage of the case. Grayson v. Mayview

5

State Hosp., 293 F.3d 103, 109 n.11 (3d Cir. 2002) (citation and internal quotation marks omitted) (explaining that "the PLRA sets up a two-step dismissal process by which dismissal can occur early for the facially inadequate complaints pursuant to [28 U.S.C. § 1915A] or can occur later" if it becomes apparent that the dismissal provision of 42 U.S.C. § 1997e(c) is satisfied).

The District Court correctly exercised its authority to dismiss the claim sua sponte based on Betts v. New Castle Youth Development Center, 621 F.3d 249 (3d Cir. 2010).[6] In Betts, the plaintiff raised a Fourteenth Amendment claim for deprivation of substantive due process, alleging that he had been subjected to a state-created danger. Id. at 259-60. Like Beenick, Betts's claims "concern[ed] his conditions of confinement and an alleged failure by Defendants to ensure his safety." Id. at 261. "Because these allegations fit squarely within the Eighth Amendment's prohibition on cruel and unusual punishment, we [held] that the more-specific-provision rule foreclose[d] [plaintiff's] substantive due process claims." Id. This holding precludes Beenick from bringing a state-created danger claim based on the conditions of his confinement and the alleged failure of Defendants to ensure his safety in using the slicer. Accordingly, the District Court correctly dismissed Beenick's state-created danger claim pursuant to the more-specific-provision rule.

B

---

[6] Beenick asks that we overrule Betts, but we lack authority to overrule a holding made by a previous panel in a precedential opinion. United States v. Kikumura, 947 F.2d 72, 77 (3d Cir. 1991).

6

We next review Beenick's claim that the District Court erred in granting Defendants' motion for summary judgment on his Eighth Amendment claims.[7] Beenick argues that the District Court (1) improperly applied several procedural rules, and (2) incorrectly concluded that Beenick failed to produce sufficient evidence of Defendants' deliberate indifference to a substantial risk of serious harm. We will first examine Beenick's procedural challenges.

1

Beenick argues that the District Court failed to apply the correct standard on cross-motions for summary judgment because it did not fully consider his motion for partial summary judgment. Beenick is correct that a District Court should consider cross-motions for summary judgment separately and apply the appropriate burden of production to each motion. See Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008). The District Court did not violate this rule because it did not consider the cross-motions simultaneously. Rather, it addressed Defendants' motion for summary

---

[7] Our review of the District Court's grant of summary judgment is plenary. Mylan Inc. v. SmithKline Beecham Corp., 723 F.3d 413, 418 (3d Cir. 2013). We apply the same standard as the District Court, viewing facts and making all reasonable inferences in the non-movant's favor. Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 266-67 (3d Cir. 2005). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

judgment first. By proceeding with Defendants' motion first, the District Court viewed the evidence in the light most favorable to Beenick and concluded that Defendants were entitled to summary judgment on all of his claims. That conclusion ended the case and mooted any need to consider Beenick's cross-motion for partial summary judgment.

Beenick also argues that the District Court improperly relied on Defendants' declarations because the declarants did not testify based on their personal knowledge and therefore were not competent to testify.[8] Under Rule 56, a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A witness who has personal knowledge about the matter at issue is competent to testify. Fed. R. Evid. 602. Beenick contends that Defendants' declarations were not based wholly on personal knowledge because each declaration contained a statement that "the following facts are true and correct based upon my personal knowledge or from my review of records routinely maintained during the operation of the Pennsylvania Department of Corrections." J.A. 276, 279, 283, 286, 289. Despite these boilerplate statements, none of the declarations make reference to information drawn from a record. Further, the relevant information in the declarations is within the declarants' personal knowledge, such as their job titles, whether they worked on a particular day, and their knowledge about the inmates' use of electric slicers. Accordingly, the District Court did not abuse its discretion in concluding that the

_____

[8] We review the District Court's determination about whether a declaration satisfies the personal knowledge requirement for abuse of discretion. See Aronson v. Peoples Nat. Gas Co., 180 F.3d 558, 563 n.2 (3d Cir. 1999).

8

declarations were based on personal knowledge and thus correctly treated them as summary judgment evidence.

Finally, Beenick argues that Defendants were not entitled to summary judgment because they failed to cite to specific pages of the declarations in violation of Rule 56(c)(1)(A), which requires citation to "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The purpose of this rule is to provide procedures to "assist the court in locating materials buried in a voluminous record." Fed. R. Civ. P. 56(c)(1)(A) advisory committee's note to 2010 amendment. Here, the declarations at issue were not voluminous, as they were only three to four pages in length. Given their brevity, the fact that Defendants cited to the declarations as a whole, rather than to specific pages, did not impede the District Court's or parties' ability to locate the relevant evidence. In any case, the District Court was permitted to consider any evidence in the record, regardless of whether the parties cited to it. Fed. R. Civ. P. 56(c)(3).

Thus, the District Court properly applied the relevant procedural rules in considering Beenick's Eighth Amendment claims.

2

Turning to the merits, to prove an Eighth Amendment violation, Beenick must show that Defendants were "deliberately indifferen[t] to a substantial risk of serious harm." Betts, 621 F.3d at 256 (alteration in original) (internal quotation marks omitted) (quoting Farmer v. Brennan, 511 U.S. 825, 828 (1994)). The question of whether Defendants were "deliberately indifferent" is a subjective inquiry, whereas the question

9

of whether Beenick faced a "substantial risk of serious harm" requires an objective analysis. Id. (citation omitted).

Even assuming that Beenick could satisfy the subjective, "deliberate indifference" element of his Eighth Amendment claims, which he cannot, we conclude that he did not produce sufficient evidence that he faced a substantial risk of serious harm. The objective substantial risk of serious harm inquiry requires a plaintiff to establish that (1) the injury was serious, (2) there was a sufficient likelihood that serious injury would result from the activity, and (3) the risks associated with the activity "violate contemporary standards of decency." Id. at 257. Even assuming that Beenick suffered a serious injury and he showed there was a sufficient likelihood that serious injury would result from the use of the slicer to satisfy the first and second factors, he has not shown that the risks associated with using a commercial food slicer to cut watermelon, even without training or protective gear, are so great as to violate contemporary standards of decency. See id. at 258 (concluding that the risks of injury associated with playing tackle football without proper equipment do not violate contemporary standards of decency); see also Farmer, 511 U.S. at 834 (noting that the objective component of an Eighth Amendment claim requires that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities" (citation and internal quotation marks omitted)). Slicers are used in commercial and private settings and while their use may pose a risk of injury, there is nothing in the record to show that the slicer lacked protective guards or posed a risk different from that posed to anyone using this relatively common item such that its use would offend one's sense of decency. Thus, we

10

conclude that Beenick failed to raise a genuine dispute of material fact with respect to the objective component of his Eighth Amendment claims, and the District Court properly entered summary judgment in Defendants' favor on all of them.

III

For the foregoing reasons, we will affirm the order of the District Court.